## SMITH *vs.* JENKS.

Though grass, growing, is in general parcel of the realty, yet where it is owned by
one who does not also own the land, it is personal property, and may be mort-
gaged and sold as such. *Per* JEWETT, J.

In trespass for personal property, the defendant claimed under a chattel mortgage
which had been filed in a town clerk's office, *but there was no evidence as to
the residence of the mortgagor when it was executed;* it was held void against
the plaintiff, a subsequent purchaser on execution of the same property for want
of proof that it was filed in the proper clerk's office.

ERROR to the Madison common pleas. Smith sued Jenks in
trespass, before a justice of the peace for taking a quantity of
hay. The defendant pleaded the general issue and gave no-
tice of special matter.

On the trial before the justice, the plaintiff proved a purchase

of the hay by himself, on a sale upon execution against Arnold, in September, 1843, the hay having been cut upon land belonging to Hunt, which was occupied by Arnold as a tenant, and at the time of the sale being in a stack in the possession of Arnold; and that the defendant had subsequently taken it away and converted it to his own use.

The defendant gave in evidence a chattel mortgage executed to him by Arnold on the 13th day of July, 1843, embracing, among other things, about six acres of grass growing on the land of Hunt, to secure an actual debt of $15,50, payable on the first day of August following. The hay in question was made from this grass, which was cut by Arnold and stacked upon other land occupied by him under one Mitchell, where it stood at the time of the sale on execution. The defendant had paid Arnold for cutting and stacking the hay, but there had been no delivery of it to the defendant. The mortgage had been filed in the office of the clerk of the town of De Ruyter, but there was no evidence to shew where Arnold resided when it was executed, or in what town the grass was growing, when the mortgage was given. The justice gave judgment for the defendant, which was affirmed on *certiorari.*

*C. Carpenter,* for the plaintiff in error.

*A. S. Sloan,* for the defendant in error.

*By the Court,* JEWETT, J. The grass of which the hay in question was made, when mortgaged was growing on land occupied by Arnold, the mortgagor, as a tenant to one Hunt. Both parties claimed through him, thereby assuming that he, by some agreement, made between him and Hunt, had title to the property in it. This being so, I am unable to see any legal objection to his capacity to sell or mortgage the grass at the time he executed the mortgage to the defendant, so as to pass to the vendee or mortgagee his interest in it. It is true that growing grass, as a general principle, does not come within the description of goods and chattels, and cannot be seized as such under

an execution against the owner of the land.  It goes to the heir and not to the executor; and the rule is the same with respect to buildings and other fixtures, the property of the person seized of the land.  But where the lands are owned by one person and the growing grass or buildings by another, neither the grass or buildings, on the death of the owner, would go to the heir; but would be assets in the hands of his executor.  Such buildings are personal property.  (*Smith* v. *Benson,* 1 *Hill,* 176.) (*a*)

But it is insisted that the mortgage under which the defendant claims the hay is void for want of evidence that it had been filed pursuant to the provisions of the statute requiring personal mortgages to be filed, (*Laws of* 1833, *p.* 402.)  The place of filing, except in the city of New-York and in county towns, is the clerk's office of the city or town where the mortgagor resided when the mortgage was executed, if he was a resident of the state, and if not, in that of the city or town where the property then was.  There was no proof on the trial whether Arnold resided in the town of De Ruyter, or even in this state; nor did it appear that the property mortgaged was in that town at the time the mortgage was executed.  I am, therefore, of opinion that the mortgage was void as against the plaintiff; and consequently the judgment of the common pleas, as also that of the justice, must be reversed.

Judgments reversed.

(*a*) See *Green* v. *Armstrong,* (*ante, p.* 550.)