## McCord and Another *v*. Cooper.

Chattel Mortgage.—*Registry.*—The registry of a chattel mortgage, describing the property as "three yoke of oxen," cannot charge with notice a subsequent *bona fide* purchaser from a third person; nor would actual

knowledge of the contents of the mortgage be sufficient to put such a purchaser on inquiry.

SAME.—*Query*, whether registry has any further effect than that of constructive notice of the contents of the instrument as registered.

APPEAL from the Howard Circuit Court.

FRAZER, J.—This was replevin for four oxen. The answer averred that the only right of possession of the plaintiff to the property arose as follows:—That in February, 1865, one Walters owned the oxen, and then executed a chattel mortgage to the plaintiffs to secure a debt due to them, in which mortgage the oxen in controversy were meant to be included, with other property, and were described, with another pair of oxen, thus: "three yoke of oxen;" which mortgage was duly recorded; that the property remained in the possession and exclusive control of Walters, with the knowledge of the plaintiffs, until eight months after the debt was due, when Walters, for a valuable consideration, sold and delivered said property to two parties, who had no notice that the property was affected by the mortgage. They, for a valuable consideration, sold and delivered the property to another, he to another, and he to another, who, before the commencement of the suit, for value, sold and delivered the property to the defendant; all of said successive purchasers being ignorant that the property was incumbered by the mortgage, though each made diligent inquiry. A demurrer to this answer was overruled, and upon this arises the only question here.

The question presented is, whether the registry of the chattel mortgage, describing the property as stated, was notice to a subsequent *bona fide* purchaser. It is very clear that the mortgage contained no such description of the oxen as would enable any one to identify them; nay, the description given would not even aid in distinguishing them from any other oxen. It was almost as indefinite as it was possible to make it. For all practical purposes, as notice, it would have been quite as well to have used the phrase "six head of cattle." In either case, any one actu-

ally seeing the registry would find nothing to inform him that the property in controversy was meant; and if it was in the apparent ownership of a stranger, as was here the fact, he would perceive nothing whatever to arouse any suspicion that these, rather than any other property of the same general class, were intended to be incumbered.

We all agree that actual knowledge of the contents of this mortgage would not have been sufficient to put a purchaser from a third person on inquiry. But the question is as to the effect of the mere registry as constructive notice. That it has the effect of constructive notice of the contents of the instrument as registered, is very plain. Has it any further effect? Does the registry put a purchaser upon inquiry, as where he has actual knowledge of the contents of the instrument? *Frost* v. *Beekman*, 1 Johns. Ch. 288, and *Jennings' Lessee* v. *Wood*, 20 Ohio, 261, are instructive cases upon that question. The case before us does not, however, demand any opinion upon that question. If an actual knowledge of the contents of the mortgage would not have been sufficient to charge the defendant with notice, surely the mere registry would not.

The judgment is affirmed, with costs.

*C. N. Pollard* and *D. H. Bennett,* for appellants.

*J. W. Cooper* and *B. F. Davis,* for appellee.