Duke v. Strickland.

## DUKE v. STRICKLAND.

CHATTEL MORTGAGE.—*Growing Crop.—Effect of Recording.*—Where ten acres of growing wheat was mortgaged, and the mortgage duly recorded, and afterward the mortgagor, without the consent or knowledge of the mortgagee, harvested, threshed, removed, and sold the wheat, and the purchaser converted it to his own use by mixing it with other wheat;

*Held*, that the title to the wheat was vested in the mortgagee, and the recording of the mortgage was constructive notice to the purchaser.

*Held*, also, that the mortgagee could recover the value of the wheat of the purchaser, by identifying the wheat purchased as the wheat that was mortgaged, though the purchaser bought the wheat in the usual course of trade, and without actual notice.

SAME.—*Evidence.*—Parol evidence is admissible to identify chattels mortgaged.

SAME.—*Possession.*—The recording of a chattel mortgage, under the tenth section of the statute of frauds (1 G. & H. 352), dispenses with the necessity of an actual delivery of the property to the mortgagee. *McCord* v. *Cooper*, 30 Ind. 9, overruled.

Duke *v.* Strickland.

From the Henry Circuit Court.

*J. Brown* and *R. L. Polk*, for appellant.

*M. L. Bundy*, for appellee.

BUSKIRK, J.—This action was brought by the appellant against the appellee, to recover the value of one hundred bushels of wheat, the property of the appellant, converted by the appellee to his own use.

It is alleged in the complaint, that one John Hosier, on the 3d day of June, 1871, being the owner of a ten-acre field of growing wheat on the north-west quarter of the south-west quarter, of section thirty-four, township eighteen, range ten, in Henry county, Indiana, and which was all the wheat growing on said land, mortgaged the same to the appellant, with other property, to secure a note of five hundred dollars, due December 25th, 1871; that the said mortgage was, on the day of its execution, duly recorded in the recorder's office of said county; that the mortgagor afterward, without the consent or knowledge of the mortgagee, harvested, and after night threshed, and clandestinely, fraudulently, and unlawfully removed and sold the same to the appellee, who upon demand by the appellant, refused to deliver up or pay for said wheat, but tortiously converted the same to his own use and mixed it with other wheat and shipped and sold it in a foreign market. A copy of the mortgage was filed with the complaint. A judgment for one hundred and fifty dollars was demanded.

A demurrer was sustained to the complaint, and this ruling is assigned for error and presents the only question for our decision.

The appellee was engaged in lawful commerce, and if Hosier clandestinely and fraudulently threshed and sold the wheat without the knowledge of the appellant, it is not alleged that the appellee had any knowledge of the alleged fraudulent practices of Hosier; but he seems to have purchased and paid for the wheat in the ordinary course of trade; nor is it alleged that the wheat was offered for sale

under circumstances calculated to excite suspicion or invite inquiry.

The appellant seems to base his right to recover upon the fact that the record of the mortgage for ten acres of growing wheat in the field was constructive notice to the appellee of his claim for wheat in the bushel, when offered for sale in the market and sold in the regular course of trade, the purchaser having no actual notice.

It is sufficiently shown in the complaint that the appellee converted the wheat to his own use.

It is claimed by counsel for appellant, that as the mortgage is silent as to the possession of the mortgaged property, the mortgagee was entitled to the immediate possession; and that the mortgage being recorded, it was notice to all the world; and that the appellee was, therefore, a purchaser with notice.

It is conceded by counsel for appellee, that the mortgage when recorded was constructive notice of the contents of the mortgage as it appeared of record, and nothing more, and in support of such position reference is made to *Frost* v. *Beekman*, 1 Johns. Ch. 288.

In that case a mortgage was made for three thousand dollars, but the register in entering it of record, stated that the mortgage was for three hundred dollars, and the court held that the registry was notice of the contents of the mortgage as it appeared of record and no more. And the court further held, that the purchaser was not put upon inquiry and was not bound to hunt up the mortgage or mortgagee and ascertain the truth. According to the ruling in that case, it is insisted, the mortgage was only notice that the appellant held a mortgage on ten acres of growing wheat in the field, and that that was not sufficient to put the appellee upon inquiry when the mortgagor offered for sale wheat in the bushel.

It is also insisted by counsel for appellee, that the description of the property mortgaged was too vague and indefinite to constitute notice to a subsequent *bona fide* purchaser; and reference is made to the case of *McCord* v. *Cooper*, 30 Ind.

Duke *v.* Strickland.

9, which was an action of replevin for four oxen by the mortgagee of a chattel mortgage of "three yoke of oxen." The oxen remained in the possession and exclusive control of the mortgagor, who sold the oxen to two persons for a valuable consideration, who had no actual notice that the property was affected by the mortgage. The oxen were sold four times for a valuable consideration to *bona fide* purchasers, and were finally sold to the defendant for a valuable consideration, who purchased without any actual notice of the mortgage. The question in the case was, whether the description of the mortgaged property was sufficiently certain and definite to constitute constructive notice. The court say: "The question presented is, whether the registry of the chattel mortgage, describing the property as stated, was notice to a subsequent *bona fide* purchaser. It is very clear that the mortgage contained no such description of the oxen as would enable any one to identify them; nay, the description given would not even aid in distinguishing them from any other oxen. It was almost as indefinite as it was possible to make it. For all practical purposes, as notice, it would have been quite as well to have used the phrase 'six head of cattle.' In either case, any one actually seeing the registry would find nothing to inform him that the property in controversy was meant; and if it was in the apparent ownership of a stranger, as was here the fact, he would perceive nothing whatever to arouse any suspicion that these, rather than any other property of the same general class, were intended to be incumbered.

"We all agree that actual knowledge of the contents of this mortgage would not have been sufficient to put a purchaser from a third person on inquiry. But the question is as to the effect of the mere registry as constructive notice. That it has the effect of constructive notice of the contents of the instrument as registered, is very plain. Has it any further effect? Does the registry put a purchaser upon inquiry, as where he has actual knowledge of the contents of

the instrument? *Frost* v. *Beekman*, 1 Johns. Ch. 288, and *Jennings' Lessee* v. *Wood*, 20 Ohio, 261, are instructive cases upon that question. The case before us does not, however, demand any opinion upon that question. If an actual knowledge of the contents of the mortgage would not have been sufficient to charge the defendant with notice, surely the mere registry would not."

The ruling in the above case was based upon the theory that the property mortgaged should be described with such certainty and particularity that it could be identified by the description without the aid of parol evidence. It is well settled that parol evidence is admissible to show the identity of the property mortgaged. *Chapin* v. *Cram*, 40 Maine, 561; *Skowhegan Bank* v. *Farrar*, 46 Maine, 293; *Elder* v. *Miller*, 60 Maine, 118; *Brooks* v. *Aldrich*, 17 N. H. 443; *Harding* v. *Coburn*, 12 Met. 333; *Comins* v. *Newton*, 10 Allen, 518; *Putnam* v. *Cushing*, 10 Gray, 334; *Crosby* v. *Baker*, 6 Allen, 295; *Morrill* v. *Keyes*, 14 Allen, 222; *Lawrence* v. *Evarts*, 7 Ohio St. 194; *Morse* v. *Pike*, 15 N. H. 529; *Burditt* v. *Hunt*, 25 Maine, 419; *Wolfe* v. *Dorr*, 24 Maine, 104; *Winslow* v. *Merchants Ins. Co.*, 4 Met. 306; *Welch* v. *Sackett*, 12 Wis. 243; *Smith* v. *Jenks*, 1 Den. 580.

In *Elder* v. *Miller*, *supra*, the description in the mortgage was, carriages, phaetons, eight horses, etc., the said property being in a certain building or stable, which was described. Other horses were being boarded there. The court admitted parol evidence to identify the horses mortgaged and enforced the mortgage.

In *Brooks* v. *Aldrich*, *supra*, the mortgage was of two horses belonging to the mortgagor, and the description was held sufficient.

In *Harding* v. *Coburn*, *supra*, a mortgage of "'all and singular, the stock, tools, and chattels belonging to' the mortgagor, 'in and about the wheelwright's shop occupied' by him," was held valid. In discussing the necessity of resorting to parol evidence to identify the mortgaged property, Dewey, J., says: "Take the case of a mortgage of live-stock on a farm; the gen-

eral description would be, 'all my stock on my farm.' The particulars are, 'ten cows, two yoke of oxen,' etc.; but in both you must rely upon other sources than the mortgage for the identity of the property mortgaged."

In *Lawrence* v. *Evarts, supra.* the court, after citing several cases, say :

"The principle to be deduced from these cases is, that any description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient. . The identity of the property is not, in such cases, ascertained by any specific description which distinguishes it from other property of the same kind or species, but by its locality."

The word. "locality" in the above opinion had reference to the description of the property mortgaged in *Harding* v. *Coburn, supra.*

In our opinion the case of *McCord* v. *Cooper,* 30 Ind. 9, is not supported by authority or on principle, and is overruled.

It is conceded by counsel for appellee, that the mortgage as recorded was constructive notice that the appellant held a mortgage on the ten acres of growing wheat therein described, but it is insisted that after the wheat was harvested, threshed, and offered for sale in the market, it had undergone such a change as rendered it incapable of identification, and that a purchaser would not be put upon inquiry as to whether it was the same wheat as the growing wheat described in the mortgage.

In *Comins* v. *Newton, supra,* the rifle described in the mortgage "was in the form of a pistol stock, with. a metallic skeleton stock, and an under action lock," and the lock being broken and in need of repairs, the mortgagor took it to the gunsmith and caused a wooden stock to be substituted for the other, and an over action lock to be put on the upper side instead of the under action lock.

The court held that the right of property in the mortgagee was not divested by the repairs and changes made upon the rifle in the hands of the mortgagor, as the weapon

was capable of identification by parol evidence, as the one originally included in the mortgage.

In *Crosby* v. *Baker, supra,* the property mortgaged included a quantity of "assorted pickles," of the value of four hundred and three dollars and eighty-five cents, which at the date of its execution were in bulk and in salt, but were subsequently "greened" and put into bottles and vinegar, which the plaintiff could not identify as the pickles included in the mortgage; but upon proof being made that the pickles in bottles were the same mortgaged, the court held that the property had not undergone such a material change as to defeat the right of the mortgagee.

In *Putnam* v. *Cushing,* 10 Gray, 334, a mortgage of leather, cut and prepared for the manufacture of shoes, was held to cover shoes subsequently made from it by the mortgagor. The court say : "In the opinion of the court, the property still remained in the mortgagee, notwithstanding the change by the completion of the work as originally designed, the materials being cut and prepared therefor before the mortgage. It was not the case of a new acquisition of articles of property, not held by the mortgagor at the time of making the mortgage; but merely of labor performed upon materials and stock of the plaintiff acquired by his mortgage."

In *Perry* v. *Pettingill,* 33 N. H. 433, it was held, where a debtor mortgaged a number of unfinished pruning shears, and the mortgagor finished the shears, and thereby greatly added to their value, that, in the absence of fraud, the fact that the shears had been greatly increased in value by the labor of the mortgagor, would not invalidate the mortgage, and that the mortgagee could hold against an attachment by another creditor of the mortgagor.

In *Coles* v. *Clark,* 3 Cushing, 399, it was held, where the mortgagor of goods, of which the mortgagee had the right of immediate possession by a mortgage duly recorded, induced the mortgagee, by false and fraudulent representations, to allow the goods to remain in his possession for a certain period, during which the mortgagor, for the purpose

of cheating and defrauding the mortgagee, sent the goods to an autioneer, by whom they were sold and the proceeds paid over to the mortgagor, that the mortgagee might maintain trover for the goods against the auctioneer, although the latter did not participate in the fraud of the mortgagor, and had no knowledge in fact of the existence of the mortgage.

In *Smith* v. *Jenks*, 1 Den. 580, Arnold, a tenant of Hunt, executed a mortgage to Smith upon six acres of grass growing on the land of Hunt, which Arnold subsequently cut and stacked upon other land occupied by him, and was retained in his possession for several months, when it was levied on by an execution against Arnold and purchased by Jenks. In an action by the purchaser against the mortgagee, it was held that the hay was subject to the mortgage, and the sale upon execution was held to be void.

This is a strong case and much in point, for the hay in that case could no more be identified than the wheat in the bushel in the case under consideration.

The court in *Coles* v. *Clark, supra*, say:

" We must take it as settled, that a mortgage of a chattel vests a property in the mortgagee; not an absolute title, indeed, but a present title, defeasible upon a condition subsequent. An actual delivery and change of possession is not necessary to perfect the mortgagee's title, if the mortgage is duly recorded; the registration of the mortgage supersedes the necessity of an actual delivery, and gives all parties concerned constructive notice of its execution and existence. It seems to follow, as a necessary consequence, that goods mortgaged may be safely left by the mortgagee in the custody of the mortgagor, without the former's being chargeable with *laches*. Indeed, the most common object of such a mortgage is to enable the mortgagor to give security on the goods, and yet for the time being, to retain the custody and use of them. Another consequence of this relation is, that, as a general rule, the right of possession follows the right of property; and, therefore, where there is no restraining stipulation, the mortgagee having the right of

property, until defeated by the performance of the condition, has as incident thereto the right of possession, and may therefore take the goods into his own custody, or maintain trespass or trover for them, against any one who takes or converts them to his own use."

The doctrine laid down in the above case applies with equal force in this State. The tenth section of our statute of frauds provides, that " no assignment of goods by way of mortgage shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in cases of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides within ten days after the execution thereof." 1 G. & H. 352. Under the above section the recording of the mortgage dispenses with the necessity of an actual delivery of the property mortgaged, to the mortgagee. The mortgage vested the title in the growing wheat in the mortgagee, and the recording of it created constructive notice to the appellee. We do not think that the change which the wheat underwent changed the property so as to divest the title of the mortgagee. Under the rule as settled by the cases referred to, the appellant would have the right, on the trial, to prove by parol that the wheat purchased by the appellee was the same wheat that was mortgaged. The appellant was only bound to identify the wheat at the time it was offered for sale. The appellee having confused and mixed the wheat with his other wheat, he could not complain that the wheat could not be identified after it had been confused.

We are of the opinion that the court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.