## Burns et al. *v.* Harris.

Chattel Mortgage.—*Record of, Admissible in Evidence without Proof as to Original.*—*Promissory Note.*—*Replevin.*—In a suit to recover the possession of a mortgaged chattel, and damages for its detention, the record of

the chattel mortgage to the plaintiff, and of a promissory note set out in such mortgage and record, is, under section 283 of the practice act, 2 R. S. 1876, p. 150, admissible in evidence without proof of the execution, and without accounting for the absence, of the original of either the mortgage or the note.

SAME.—*Foundation of Action.*—*Pleading.*—*Copy.*—In such case, neither the mortgage nor the note is the foundation of the plaintiff's action, and it is not necessary that either should be filed with or made part of the complaint.

SAME. -*Description of Property Intended to be Mortgaged.*—*Parol Evidence.* —In a chattel mortgage, the property should be described with reasonable particularity ; but in this State parol evidence is admissible to identify the property ; and where the chattel is described as a " dark bay mare," the mortgage is not void for uncertainty in the description.

EVIDENCE, HOW INTRODUCED.—*Error in Admission of, when Cured.*—*Discretion of Court.*—*Practice.*—A party may introduce his evidence in the order he prefers, subject only to the discretion of the court trying the cause ; and where evidence has been admitted, which, standing by itself, is erroneous, the error may be cured by the subsequent admission of evi-. dence supplying the defect, and is not then available on appeal.

From the Wayne Circuit Court.

*S. A. Forkner*, for appellants.

*T. J. Study* and *M. Wilson*, for appellee.

HOWK, J.—This was a suit by the appellee, against the appellants, for the recovery of the possession of "a certain dark bay mare," and of "damages for her detention."

In his complaint, the appellee alleged, in substance, that he was the owner, and entitled to the possession, of a certain dark bay mare, of the value of one hundred dollars ; that the appellants had possession of said mare unlawfully and without right ; and that the appellants unlawfully and without right detained said mare from the appellee, at Wayne county, Indiana. Wherefore, etc.

To this complaint the appellants demurred, for each and all of the statutory causes of demurrer, assigning several grounds of objection to the complaint. The demurrer was overruled by the court, and to this ruling the appellants

excepted.   They then answered by a general denial of the complaint.

The cause was tried by the court, and a finding was made for the appellee, that he was the owner of the dark bay mare described in his complaint, and entitled to the possession thereof, and that the mare was of the value of fifty dollars; and the court rendered judgment accordingly.

The appellants' motion for a new trial was overruled by the court, and to this decision they excepted, and filed their bill of exceptions.

The appellants have here assigned, as errors, the following decisions of the court below :

1.   In overruling their demurrer to appellee's complaint; and,

2.   In overruling their motion for a new trial.

In his brief of this cause in this court, the appellants' counsel has failed to point out any objection, and we can see none, to the sufficiency of the appellee's complaint. The first alleged error must therefore be regarded as impliedly waived.

In their motion for a new trial, the appellants assigned the following causes therefor:

1.   The finding of the court was not sustained by sufficient evidence;

2.   The finding of the court was contrary to law;

3.   The court erred in admitting in evidence, over the appellants' objections, the record of a chattel mortgage from one Daniel Williams to the appellee, from a mortgage record of the office of the recorder of Wayne county, for the reason that the execution of the original mortgage had not been proved before the record thereof was so admitted in evidence, nor was said mortgage, or a copy thereof, made a part of, or referred to in, the pleadings in this cause;

4. The court erred in admitting in evidence, over the appellants' objections, the copy of the note set out in said mortgage, for the reason that the execution of said note was not proved before such copy was introduced or read in evidence, and neither the note nor a copy thereof had been made a part of, or referred to in, any of the pleadings, in this case;

5. The damages were excessive.

It is claimed by the appellants' counsel, in argument, that the following questions are presented for decision, by the record of this cause and the alleged error of the court in overruling the appellants' motion for a new trial:

1. Did the court err in admitting in evidence, over the appellants' objection, the record of the chattel mortgage and the copy of the note set out in, and secured by, said mortgage, when neither the mortgage and note, nor copies thereof, had been filed with, or made part of, any pleading in the case, without first proving the execution of such mortgage and note?

2. In a chattel mortgage, wherein the chattel is described as a "dark bay mare," is the description sufficient notice to an innocent purchaser, who buys a "dark brown mare," when the possession of the chattel is retained by the mortgagor, by the terms of the mortgage, until the note secured thereby becomes due?

3. Is a chattel mortgage, wherein the chattel mortgaged is described as a "dark bay mare," void for uncertainty in the description of the property intended to be mortgaged?

We will consider and decide these several questions, in the same order in which the appellants' counsel has presented them in his elaborate and well considered brief of this cause.

1. In section 10 of "An act for the prevention of frauds and perjuries," etc., approved June 9th, 1852, it was pro-

vided, *inter alia*, that a chattel mortgage should " be ac-
knowledged, as provided in case of deeds of conveyance,
and recorded in the recorder's office of the county where
the mortgagor resides within ten days after the execution
thereof." 1 R. S. 1876, p. 505.

The chattel mortgage from Daniel Williams to the ap-
pellee appeared to have been recorded under and pursu-
ant to, and in strict conformity with, the requirements of
this section 10 of the statute for the prevention of frauds
and perjuries. The mortgage appeared to have been ac-
knowledged by the mortgagor, Daniel Williams, " as pro-
vided in case of deeds of conveyance," and the certificate
of such acknowledgment appeared to have been recorded
with the mortgage. Under section 283 of the practice
act, it can not be doubted, we think, that a certified copy
of the record of the mortgage would have been " admitted
as legal evidence," in any court in this State, without ac-
counting for the absence of the original mortgage ; and it
would be strange, indeed, if the record of the mortgage
was not admissible in evidence, when the statute, in ex-
press terms, makes a copy of such record admissible as
" legal evidence." 2 R. S. 1876, p. 150; *Winship* v. *Clen-
denning*, 24 Ind. 439; *Bowers* v. *Van Winkle*, 41 Ind. 432;
*Patterson* v. *Dallas*, 46 Ind. 48; and *Miller* v. *The State*,
*ex rel.*, 61 Ind. 503.

In the case last cited, it was expressly decided, that
where the statute made a copy of a record " legal evidence,"
the record itself must also, of necessity, be regarded and
received as " legal evidence."

In the case at bar, we are clearly of opinion, that the
record of the chattel mortgage to the appellee, and of the
note set out in and constituting a material part of such
mortgage and record, was properly admitted in evidence,
without proof of the execution, and without accounting
for the absence of the original of either the mortgage or

the note. Neither the mortgage nor the note was, in any proper sense, the foundation of the appellee's action ; and, therefore, it was not necessary, under the requirements of the practice act, that either the mortgage or the note, or a copy of either or both of them, should be filed with, or made part of, the appellee's complaint. 2 R. S. 1876, p. 73, sec. 78 ; *Winship* v. *Clendenning, supra.*

After the record of the mortgage and of the copy of the note set out in said mortgage had been given in evidence by the appellee, the execution of both mortgage and note by Daniel Williams was proved without objection on the part of the appellants, and the non-production of the original mortgage and note on the trial was properly accounted for, by parol evidence. As a party may introduce his evidence in the order he prefers, subject only to the discretion of the court trying the cause, it would seem that the decision of the court in this case, in the admission in evidence of the record of the mortgage and of the copy of the note set out therein, would not have been an available error, upon the entire record, for the reversal of the judgment, even if such record had not been "legal evidence," without proof of the execution of the mortgage and note and without evidence accounting for the absence of the original instruments. *Goings* v. *Chapman*, 18 Ind. 194 ; *Ginn* v. *Collins*, 43 Ind. 271 ; and *Heilman* v. *Shanklin*, 60 Ind. 424.

The court did not err, in our opinion, in admitting in evidence, over the appellants' objections, the record of the mortgage and of the copy of the note constituting an essential part of such mortgage.

2. Under the law of this State, the owner of personal property may mortgage the same, and the statute requires that such a mortgage shall be acknowledged by the mortgagor and recorded in the recorder's office of the county in which he resides, within ten days after the execution

thereof. Such a record of the mortgage is notice to all persons of the existence of the mortgage and of the contents of such record. *Gilchrist* v. *Gough*, 63 Ind. 576.

In such a mortgage, the property mortgaged ought to be described with reasonable accuracy, certainty and particularity ; so that the property intended to be mortgaged may be readily ascertained and identified. Indeed, the main object of the description is the identification of the property. In a mortgage on personal property, the description given in the mortgage is not, however, the only means of identifying the particular property intended to be mortgaged; for, where the description is doubtful or uncertain, the mortgaged property may be identified beyond all doubt, by the ownership and the possession thereof by the mortgagor. It must be regarded as settled law, in this State, that parol evidence is admissible to identify the particular property in a chattel mortgage. *Duke* v. *Strickland*, 43 Ind. 494 ; *Ebberle* v. *Mayer*, 51 Ind. 235.

In the case at bar there is no room for doubt, on the evidence, as to the identity of the mare mortgaged to the appellee, with the mare in the possession of the appellants, and in controversy in this action. The question in dispute was as to the color of the mare,—whether she was a " dark bay mare," or a " dark brown mare." This question was determined by the court in favor of the appellee, and we can not disturb the finding on the evidence.

3. The third question propounded by the appellants' counsel, it is very clear, must be answered in the negative. A chattel mortgage, wherein the mortgaged chattel is described as a " dark bay mare," is not void for uncertainty in the description of the chattel. This must be so, when the law is settled, as we have seen, that parol evidence is admissible to identify the mortgaged chattel.

No error was committed by the court, we think, in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.