ion with reference to sales of personalty, made under the order of the court, there can be no doubt that under its general jurisdiction over the settlement of estates of decedents, the court has the power, and in the exercise of a sound discretion, may refuse to confirm a private sale of personalty if it appear that a substantial advance can be had upon the price reported. Whether a sale should be set aside in order to obtain an advance of less than ten per centum, if there was no other cause for refusing to confirm, we need not decide.

In the appellant's case, a ten per cent advance was offered and secured, and a much larger advance obtained.

Judgment affirmed with costs.

---

### ISAAC TINDALL, ADM'R, v. HARDIN WASSON.

1. *Description of Property in a Chattel Mortgage.*—A chattel mortgage described property thus: " Two mule colts one year old next spring," without giving any circumstances of identity, so that the description could be made certain by parol evidence. *Held*, wholly insufficient.

2. *Papers Filed with Answer.*—A chattel mortgage filed with an answer, but which is not the foundation of the defense, can not be considered on appeal.

Filed April 26, 1881.

Appeal from Shelby Circuit Court.

J. B. McFadden and John W. Tomlinson, for appellant, cited in support of the description, *Duke* v. *Strickland*, 43 Ind. 494; *Ebberle* v. *Mayer*, 51 Ind. 235; *Smith & Co.* v. *McLean*, 24 Iowa, 322.

B. F. Love and H. C. Morrison, examined the cases cited in *Duke* v. *Strickland, supra,* as to matters of description, viz: *Chapin* v. *Cram*, 40 Me. 561; *Bank* v. *Farrar*, 46 Me. 293; *Wolf* v. *Dorr*, 24 Me. 104; *Burditt* v. *Hunt*, 25 Me. 419; *Harding* v. *Daniel*, 12 Met. 333; *Comins* v. *Newton*, 10 Allen, 518; *Putnam* v. *Cushing*, 10 Gray, 334; *Crosby* v. *Baker*, 6 Allen, 295; *Morrill* v. *Keyes*, 14 Allen, 222; *Lawrence* v. *Evarts*, 7 Ohio St. 194; *Matthews* v. *Insurance Co.* 4 Met. 306; *Smith* v. *Jenks*, cited in 1 Denio, 580; *Coles* v. *Clark*, 3 Cush. 399. Also, 12 Wis. 243; Hermann on Chat. Mort. § 38, p. 73; *Perry* v. *Pettingill*, 33 N. H. 433, as to questions of description between mortgagor and mortgagee; and

some of the cases *supra*. As to requisites of answer, were cited *Golden* v. *Cockrel*, 1 Kan. 259 ; 1 Schuler on Personal Property, pp. 537, 538 ; *Montgomery* v. *Wright*. 8 Mich. 143.

Opinion of the court by Mr. Justice Elliott.

The appellant instituted this action to recover certain personal property described in the complaint as "two brown female mules." The appellee answered in four paragraphs, and the question which this appeal presents is whether the second paragraph of the answer stated facts sufficient to constitute a defense.

The paragraph of the answer referred to contains, in substance, these allegations. That the only claim or right of the plaintiff to the property in controversy is founded upon a chattel mortgage executed by one Gore, on the 7th day of January, 1871 ; that the property was described in said chattel mortgage as follows: "Two mule colts one year old next spring ;" that the mortgagor, after the execution of the mortgage, sold the mules to Elijah Goodwin, that Elijah Goodwin sold to Nelson Goodwin, that the appellee afterward bought the mules of Nelson Goodwin for a valuable consideration ; that he had no knowledge of the existence of appellant's mortgage. We have given only a mere outline of the answer, but one sufficient to present the question discussed by counsel and upon which the case turns. The sole question discussed is as to the sufficiency of the description of the property contained in the mortgage.

Appellant cites, in support of his position that the mortgage sufficiently describes the property, three cases which we will briefly consider. In *Duke* v. *Strickland*, 43 Ind., 494, the description in the mortgage was, as we gather from the opinion in that case, "a ten-acre field of wheat growing on the northwest quarter of the southwest quarter of section thirty-four, township eighteen, range ten, in Henry county, Indiana." It will be observed that in the case cited, the locality of the property was particularly pointed out, and the means of identifying it clearly supplied. It is true that the inference deducible from the fact that the case referred to expressly overrules the earlier case of *McCord* v. *Cooper*, 30 Ind. 9, goes very far towards supporting the theory of the appellant. In the overruled case the description of the property was "three yoke of oxen," and there was no locality or other circumstance of

identity mentioned.    It seems to us that there was no real conflict between the two cases, for in the later there were circumstances of identification which were altogether wanting in the former.    In *Ebberle* v. *Mayer*, 51 Ind., 235, the description in the mortgage was as follows:    "All the stock, tools, fixtures, and materials now on hand in the shop formerly occupied by said Kreber & Co., on Central avenue, in the city of Madison, Indiana, being the same property this day sold to us by said Kreber & Co."    This was held a sufficient description, upon the authority of *Duke* v. *Strickland*, without any discussion or citation of cases.    It will be noticed that, as in the case upon which it is based, there is in the mortgage passed upon by the case referred to, a statement of locality and other matters of identification.    In this respect the cases of *Duke* v. *Strickland* and *Ebberle* v. *Mayer* are essentially different from the case in hand.    In *Smith* v. *McLean*, 24 Iowa, 322, the description in the mortgage was "five freight wagons and twenty-five head of cattle, being the train now in my possession," and it was held sufficient.    It was there said:    "That description which will enable third persons, aided by inquiries which the instrument itself indicates and directs to identify the property is sufficient."    The doctrine declared in the extract quoted is well sustained by authority.    The general rule is plain enough, but the difficulty is to determine in each particular case what description is sufficient to indicate and direct inquiries which will result in the identification of the property.    In the case under consideration there are no circumstances of identification named, except such as may be found, if any can be found, in the words "two mule colts one year old next spring."    This description certainly does not indicate any particular mule colts, for it would apply to all the mule colts in the world which would be one year old the spring following the execution of the mortgage.    If one had undertaken to find the particular mules mortgaged by means of "inquiries indicated and directed" by the description in the mortgage, his field of inquiry would have been a very wide one, for with the exception of the statement of the age, there is not a single circumstance of identification stated.

We are not attempting to lay down any general rule in the present case, but confine ourselves to the decision of the precise

question presented. The answer avers, and the demurrer admits, that "the only description contained in the mortgage is: "Two mule colts one year old next spring." There are no circumstances of identity stated, neither locality, ownership, nor anything else affording means of identification. The description we have given stands alone and unaided. We hold such a description as that contained in the mortgage and stated in the answer, to be insufficient. If it were aided by any circumstance or matter of identification which would enable the description to be made certain by parol evidence it would be otherwise.

A copy of the mortgage is filed with the answer, but as it does not constitute the foundation of the paragraph, we can not examine it, either for the purpose of sustaining or overthrowing the pleading.

Judgment affirmed.

---

### PETER MARTIN, SEN., V. LOUIS MARTIN AND WIFE.

1. *Bill of Exceptions—Evidence.*—There is no exception to the rule that on appeal the evidence must be embodied in a bill of exceptions, whether such evidence consists of oral testimony, writings, documents, agreed facts, or other modes of proof.

2. *Exceptions to Conclusions of Law.*—It is only when a special finding is made at the request of one of the parties or both, that exceptions to the conclusions of law stated present any question for the Supreme Court to consider.

3. *Exceptions to the Form of Judgment.*—These must be made at the time the judgment is entered, so as to call the attention of the court below to the matter of modification or correction.

Filed April 27, 1881.

Appeal from Posey Circuit Court.

Alvin P. Hovey and G. V. Menzies, for appellant, cited *Watson* v. *Clendennin*, 6 Blackf. 478; *Gibson* v. *Crehore*, 5 Pick. 146; *Cass* v. *Martin*, 6 N. H. 25; *McCabe* v. *Billows*, 7 Gray, 148; *Brown* v. *Lapham*, 3 Cush. 551, as to widow's rights under a mortgage; also, 4 Kent. Com. 44; *Snyder* v. *Snyder*, 6 Mich. 470; *Keith* v. *Trapier*, 1 Bailey's Ch. 63; *Kemp* v. *Mitchell*, 36 Ind. 254; *Coombs* v. *Carr*, 55 Ind. 309; *Kissler* v. *Eaton*, (April, 1879).

William P. Edson, for appellees, cited *Reasoner* v. *Edmundson*, 5 Ind. 394; *Francis* v. *Porter*, 7 Ind. 213; *Morton* v. *Noble*, 22