Filed Oct. 17, 1890.

———◆———

No. 14,514.

Ross et al. *v.* Menefee et al.

Replevin.—*Pleading.*—*Allegation of the Unlawful Obtaining of Property Unnecessary.*—In an action for the recovery of the possession of personal property and damages for its unlawful detention, it is not necessary to allege in the complaint that the defendant unlawfully obtained possession of the property therein described.  The question as to the means by which the defendants obtained possession is immaterial, if at the time of the commencement of the suit, they were unlawfully detaining the same from the plaintiffs.

PRINCIPAL AND SURETY.—*Payment of Debt by Surety before Maturity.— When Action May be Maintained.*—If a surety pays the debt of the principal before maturity he can not maintain an action until the time for payment has expired, but if he is not repaid at that time he may sue to recover the amount which he paid in discharge of the debt.

CHATTEL MORTGAGE.—*Conversion of Mortgaged Property.—Action for.—Mortgage not Made Part of Complaint.—Filing Copy.*—In an action for the wrongful conversion of property alleged in the complaint to have been mortgaged to the plaintiffs, the action is not based on the mortgage, and the mortgage can not be made a part of the complaint by filing a copy thereof.

SAME.—*Personal Property Encumbered by Mortgage Lien.—Purchaser.—Liability of to Holder of Mortgage.*—One who purchases personal property encumbered by a valid mortgage lien, and converts such property to his own use, is liable to the person holding and owning such mortgage.

SAME.—*Must be Recorded within Ten Days.*—A chattel mortgage not recorded within ten days after its execution is void as to the holder of a chattel mortgage on the same property, executed at a subsequent date, but recorded within the statutory period.

SAME.—*Conversion.—Pleading.—Recorded Mortgage.—Notice.*—In an action for the unlawful conversion of mortgaged property, an answer is bad that alleges that the defendants bought the property in good faith, and removed it to another county where it was destroyed by fire, without their fault or negligence. The mortgage was duly recorded, and of its existence the defendants were bound to take notice.

PLEADING.—*Sufficiency of Demurrer.*—A demurrer in the following form : "The plaintiffs demur separately to each, the second, third and fourth paragraphs of the answer of the defendant, and for cause of demurrer say that neither of said paragraphs states facts sufficient," is sufficient to call in question the sufficiency of the answers in question as a defence to the complaint in the case.

From the Benton Circuit Court.

*D. E. Straight* and *U. Z. Wiley,* for appellants.

*D. Fraser* and *W. Isham,* for appellees.

COFFEY, J.—The appellees filed a complaint, consisting of three paragraphs, in the Benton Circuit Court, against the appellants on the 15th day of April, 1887.

The first paragraph alleges that on the 10th day of March, 1883, the appellees were the owners of certain described personal property of the value of one thousand dollars; that

the appellants being in possession of said property, unlawfully took, removed, carried away, sold and converted the same to their own use, to the damage of the appellees.

The second paragraph alleges that the appellees are the owners and entitled to the possession of certain described personal property of the value of fifteen hundred dollars; that appellants have possession of the same without right; that they unlawfully detain said property from the appellees to their damage in the sum of fifteen hundred dollars. Prayer for possession and for damages for the detention.

The third paragraph alleges that on the 5th day of January, 1883, the defendant, Thomas F. Redmond, was a resident of Benton county, Indiana, and was then the owner of the personal property described in the complaint, which property was then in the town of Fowler, in said county; that at that time the said Redmond was indebted by promissory note in the sum of $200 to the Commercial Bank of Oxford, Indiana, upon which note the appellees were sureties for the said Redmond; that for the purpose of indemnifying the appellees, and saving them harmless in the event they should be compelled to pay said note, the said Redmond, on the 5th day of January, 1883, executed to the appellees a chattel mortgage on said property; that at that time the said Redmond was insolvent, having no property except that covered by said mortgage; that said mortgage was duly recorded in Benton county on the said 5th day of January, 1883; that on the 18th day of February, 1883, appellees, at the request of said Redmond, fully paid said note which they were compelled to pay by reason of their said suretyship, and that no part of the same has ever been repaid; that, on the — day of ———, 1883, the defendants Redmond, Switzer, Ross and Hartley, without the knowledge or consent of the appellees, unlawfully and wrongfully, with full knowledge of said mortgage, and against the rights of the appellees, seized, took and carried away and sold said property to their co-defendant David J. Eastburn, and re-

moved the same to the town of Kentland, in Newton county, thereby unlawfully converting and appropriating the same to their own use; that while said property was in the possession of the said Eastburn the same was entirely burned up and destroyed, whereby appellees have been damaged in the sum of five hundred dollars.

The appellants, Ross and Eastburn, demurred to each paragraph of the complaint for want of facts sufficient to constitute a cause of action. The demurrer was overruled by the court, and the propriety of this ruling is challenged here by a proper assignment of error.

No objection to the first paragraph of the complaint is pointed out by counsel in their brief in this case. The objection urged against the second paragraph is that it does not allege that the appellants unlawfully obtained possession of the property therein described.

We do not think such allegation necessary. This paragraph is substantially in the form given in 3 Works Pleading and Practice, 277, and has been repeatedly held sufficient by this court. The question as to the means by which the appellants obtained possession is immaterial, if at the time of the commencement of the suit they were unlawfully detaining the same from the appellees.

It is contended that the third paragraph of the complaint is not sufficient:

*First.* For the reason that it appears from the face of the pleading that the note therein described was paid by the appellees before maturity.

*Second.* That it appears by a copy of the mortgage filed with this paragraph, that the mortgage executed by Redmond to the appellees was subject to another mortgage from which they have not redeemed.

*Third.* That it is not sufficient as to Eastburn because it does not charge that he took and converted the property therein described, or that he took, sold or carried the same away.

It is contended by the appellants that if a surety pays the debt of his principal before maturity, it is a voluntary payment and he can not recover from his principal, but this court has decided otherwise. *White* v. *Miller*, 47 Ind. 385; *Jackson* v. *Adamson*, 7 Blackf. 597.

It is true that if the surety pays the debt of the principal before maturity he can not maintain an action until the time for payment has expired, but if he is not repaid at that time there is no reason why he may not sue to recover the amount which he paid in discharge of the debt.

This suit is not based upon the mortgage executed by Redmond to the appellees, but is based upon the alleged wrongful conversion of the property therein described. Such being the case, the mortgage can not be made a part of the complaint by filing a copy thereof. The mortgage is not before us for any purpose. *Huff* v. *City of Lafayette*, 108 Ind. 14; *Briscoe* v. *Johnson*, 73 Ind. 573; *Jackson* v. *State*, 103 Ind. 250; *Tindall* v. *Wasson*, 74 Ind. 495; *Carter* v. *Branson*, 79 Ind. 14; *Huseman* v. *Sims*, 104 Ind. 317; *Pickering* v. *State*, 106 Ind. 228.

While it is not directly alleged that Eastburn took and carried away and converted to his own use, the property covered by the mortgage of the appellees, it is alleged that he and the other defendants took possession of it and removed it from the town of Fowler, in Benton county, to the town of Kentland, in Newton county, where it was destroyed by fire while in the possession of Eastburn.

One who purchases personal property encumbered by a valid mortgage lien, and converts such property to his own use, is liable to the person holding and owning such mortgage. *McFadden* v. *Hopkins*, 81 Ind. 459; *Duke* v. *Strickland*, 43 Ind. 494. In the last case cited, John Hosier mortgaged to Duke ten acres of growing wheat. Hosier cut, threshed and sold the wheat to Strickland, in the open market, Strickland having no actual notice of the mortgage. It was held that Strickland was liable to the mortgagee for

the value of the wheat. The theory of the law is that a chattel mortgage vests in the mortgagee the title to the chattel. *Lee* v. *Fox*, 113 Ind. 98. In this case Eastburn purchased the property described in the complaint, took possession of it and removed it from the county of Benton to the county of Newton where it was destroyed by fire. Had Redmond removed the property from Benton county without the consent of the mortgagees, he would have been liable to criminal prosecution under the provisions of section 1954, R. S. 1881, but instead of removing he sold it to Eastburn who did remove it to another county. While it is true that Eastburn is not liable under the provisions of this act, we think that by reason of his purchase, use and removal of the property,he should be held to have used and converted the same to his own use.

In our opinion the court did not err in overruling the demurrer to the complaint.

The appellants, Ross and Eastburn, each filed separate answers to the complaint. The court sustained a demurrer to the third and fourth paragraphs of each of said answers.

The third paragraph of the answer of Ross avers, substantially, that the several causes of action set up in the complaint are based upon the right secured to the appellees by the mortgage mentioned in the complaint and no other right; that said mortgage was executed long after the note mentioned in the complaint had been executed, and upon no other consideration; that at the time of the execution of said note, and for about one year prior thereto, the said Thomas Redmond was indebted to the appellant and his co-defendants, Joseph H. Hartley and John W. Switzer, in the sum of $1,000 for money used in paying the purchase-price of the Benton Review office, office fixtures and the property involved in this suit; that to secure the payment of said $1,000, the said Redmond executed to them, on the 13th day of December, 1882, a mortgage on all said property, and that the same was recorded in Benton county on the

30th day of December, 1882; that at the time of the execution of the mortgage to the appellees they had full knowledge of the existence of the mortgage so held by the appellant and his co-defendants; that in payment of the said indebtedness said property was sold to the said Joseph E. Hartley and never was delivered to or came into the possession of appellant.

The fourth paragraph of said answer is the same as the third, with the additional averments that in satisfaction of the claim held against him by the defendants in this action, the said Redmond sold and delivered the Benton Review, including the property covered by appellees' mortgage, to the defendant Joseph H. Hartley; that said Hartley took possession of the same, and continued the publication of said paper; that afterwards the appellant Eastburn purchased said paper and the property in controversy, and continued the publication of said paper; that said Eastburn was the owner and publisher of a newspaper at Kentland, in Newton county, six miles distant from the town of Fowler, in Benton county, and for his convenience and benefit he interchanged some of the material of said offices, among which he transferred a part of the property covered by appellees' mortgage, to the said town of Kentland, with the knowledge of the appellees, and without objection, placing the same in an ordinary safe and secure brick building, where, without any carelessness or negligence on his part, it was destroyed by fire; that at the time of the removal of said property from Fowler to Kentland the debt due the appellees had been due for a long time, and that they had taken no steps to obtain possession of the same.

The answer of the appellant Eastburn does not differ materially from that above set out.

It is objected that the demurrer to these answers was not sufficiently definite to raise any question, and that the same should have been overruled for that reason.

After the title of the cause the demurrer is as follows:

" The plaintiffs demur separately to each, the second, third and fourth paragraphs of the answer of the defendant, and for cause of demurrer say that neither of said paragraphs states facts sufficient."

In the case of *Petty* v. *Board, etc.,* 70 Ind. 290, it is held that a demurrer in this form was sufficient to call in question the sufficiency of the facts stated in a pleading as a cause of action.   We think it sufficient to call in question the sufficiency of the answers in question as a defence to the complaint in this case.

As the mortgage executed by Redmond to the appellants was not recorded within ten days after its execution, it is void as to the appellees.   *Lockwood* v. *Slevin,* 26 Ind. 124; *Kennedy* v. *Shaw,* 38 Ind. 474.

It follows, therefore, that the sale and transfer of the property involved in this suit must be treated as if this mortgage had never existed.   There is no question of existing secret equities involved in the case, as in the cases of *Durham* v. *Craig,* 79 Ind. 117, *Davis* v. *Newcomb,* 72 Ind. 413, and kindred cases, for the mortgage held by the appellants was without any binding force as to any third party, though such party had actual notice of its existence.   As against such persons no lien existed.

As we have seen the complaint charges that the appellees took and converted the property to their own use.   This is confessed by both the third and fourth paragraphs of the answers now under consideration.   The matter averred in avoidance is, that the appellants bought the property in good faith, and removed it to another county, where it was destroyed by fire without their fault or negligence.   This we do not think is sufficient to avoid the allegations in the complaint.   The mortgage of the appellees was duly recorded, and of its existence the appellants were bound to take notice.

To an amount equal to the sum due them the right of the appellees to maintain this action is as complete as it would

have been had they owned the absolute title to the property described in the complaint. In our opinion the court did not err in sustaining the demurrer to the third and fourth paragraphs of the answers of the appellants.

Judgment affirmed.

Filed Oct. 17, 1890.