No. 759.

KOEHRING ET AL. v. AULTMAN, MILLER & CO.

CHATTEL MORTGAGE.—*Description of Property.*—*Sufficiency of.*—Where the property named in a chattel mortgage was described as "one sorrel horse, twelve years old, called 'Tom,' and one iron-gray horse, four years old, called 'Hurk,'" the description is sufficient, by the aid of parol evidence, to identify the property, and is such as to put a third party upon his inquiry.

DEMAND.—*Action for Value of Mortgaged Property.*—*Conversion.*—*When Demand is Unnecessary.*—In an action to recover the value of certain personal property upon which the plaintiff held a chattel mortgage, which was converted by defendants to their own use and placed beyond plaintiff's reach, the allegations were sufficient to excuse a demand for the property, if any was necessary, which were as follows: That the defendants obtained possession of the property by virtue of a replevin suit against the owner thereof, based upon a

junior mortgage; that while such suit was pending, and during the trial thereof, plaintiff notified defendants of its senior mortgage and exhibited it, and the note it was made to secure, to them and their attorneys; that after defendants had been awarded judgment for the possession of the property, they took the same, converted it to their own use, and sold it, and have put the property beyond the reach of plaintiff, and that plaintiff has been, and still is, unable to secure possession of the same.

REPLEVIN.—*By Junior Mortgagee for Mortgaged Property.—Against Whom Maintainable.—Defense.—*A junior mortgagee may, in any event, maintain replevin against the mortgagor and any person other than a senior mortgagee for any taking of the property which is in conflict with his rights as a junior mortgagee; and in such case the mortgagor can not defeat the replevin suit by the junior mortgagee by setting up property in a stranger, and then simply proving, in support thereof, that there is an older mortgage outstanding.

PARTIES.—*Defending in Name of Another.—Judgment.—Effect of Judgment on Such Party.—*In an action of replevin against the mortgagor by a junior mortgagee for the possession of the mortgaged property, the judgment rendered therein is not binding on the senior mortgagee, who was not a party to the proceeding, there being no issue as to the senior mortgage, and no arrangement between the mortgagor in the suit and the senior mortgagee being shown, in pursuance of which the senior mortgagee conducted the defense.

Opinion on petition for rehearing by REINHARD, J.

From the Marion Superior Court.

*W. V. Rooker,* for appellants.

*U. J. Hammond* and *E. S. G. Rogers,* for appellee.

REINHARD, C. J.—The appellee, a foreign corporation, instituted this action for the recovery of the value of certain personal property upon which, it was alleged in the complaint, the appellee held a chattel mortgage, but which was converted by the appellants to their own use, and placed beyond the appellee's reach.

In the trial court, the appellee recovered judgment for $70, the appellants having previously offered to allow judgment for $50.

The first ruling complained of is the refusal of the

trial court to strike out certain portions of the complaint.

Such a ruling does not constitute reversible error. *Lewis* v. *Godman*, 129 Ind. 359; *Sprague* v. *Pritchard*, 108 Ind. 491; *Walker* v. *Larkin*, 127 Ind. 100; *Jussen* v. *Board, etc.*, 95 Ind. 567; *Gwynne* v. *Ramsey*, 92 Ind. 414; *Rowe, Assignee,* v. *Major*, 92 Ind. 206; *Lake Erie, etc., R. W. Co.* v. *Kinsey*, 87 Ind. 514; *Morris, Admr.*, v. *Stern*, 80 Ind. 227.

The overruling of the demurrer to the complaint is another alleged error. It is insisted that the complaint is defective for two reasons:

1. Because of the insufficiency of the description of the property in the chattel mortgage.

2. Because no demand for the property before the commencement of the action is alleged.

The complaint undertakes to state the facts at length, upon which a recovery is sought, and in doing so sets out the substance of the mortgage which forms the basis of the claim, and also a verbatim copy of the description of the property contained in the mortgage. The description is as follows:

"One sorrel horse twelve years old, called 'Tom,' and one iron-gray horse four years old, called 'Hurk.'"

There was no statement as to where the property was situated when the mortgage was executed.

It is contended that the description is insufficient as far as it affects an innocent purchaser of the property, such as the appellant is claimed to be. We do not think this position can be maintained. Reasonable certainty in the description of mortgaged chattels is required, but under the rulings of our Supreme Court parol evidence is admissible for the purpose of identification, and when, by the aid of such parol evidence, the property is reason-

ably susceptible of identification, the description will be held sufficient.

The case of *Tindall, Admr.*, v. *Wasson,* 74 Ind. 495, upon which the appellants largely rely, does not sustain them. That was an action in replevin, much like the present case, to recover possession of the mortgaged property. The vendee of the mortgagor, who was the defendant in the action, answered that the only description of the property contained in the mortgage was "two mule colts one year old next spring."

There was a demurrer to this answer, and it was overruled, which ruling was affirmed on appeal, the court holding that in the absence of any showing which would make the description more certain the answer was insufficient. The question was one purely as to the sufficiency of the answer, and it was expressly declared, in the opinion, that the court confined itself to the precise question presented by the answer, without attempting to lay down any general rule.

In the course of the opinion the court say:   "There are no circumstances of identity stated, neither locality, ownership, nor anything else affording means of identification.   The description we have given stands alone and unaided.   *   *   *   If it were aided by any circumstances or matter of identification which would enable the description to be made certain by parol evidence, it would be otherwise."

In the case at bar, the description is contained in the complaint, and it is aided by circumstances of identification.   True, it is not stated where the property was when the mortgage was executed, but it is described as "one sorrel horse twelve years old, called 'Tom,' and one iron-gray horse four years old, called 'Hurk.'" Here we have the color, the age and the names of the horses,—all marks of identity.   Nor will the fact that

there may be other horses of the same age, or color, or names, add strength to the appellant's position. The marks stated are sufficient, by the aid of parol evidence, to identify the property, and the description is such as to put a third person upon his inquiry.

In *Burns* v. *Harris*, 66 Ind. 536, the description a "dark bay mare" was held not a void description, and such an one as might be rendered sufficiently certain by the aid of parol testimony. It was there held that the description given in the mortgage is not the only means of identifying the property, but that parol evidence may be employed to make it certain of identity if it can be done. As in the case cited, so in the case at bar, there can be no room for doubt as to the identity, as it might very properly be rendered certain by parol testimony.

This being so the description must be held sufficient, and the case of *Tindall* v. *Wasson, supra,* does not stand in the way.

In further support of the sufficiency of the description see *Buck* v. *Young,* 1 Ind. App. 558; *Duke* v. *Strickland,* 43 Ind. 494; *Ebberle* v. *Mayer,* 51 Ind. 235; *Muncie Nat'l Bank* v. *Brown,* 112 Ind. 474.

We are of the opinion that the description was sufficient, and the fact that the appellants stand in the position of vendees to the mortgagor adds no force to their contention that they are not bound by it.

The mortgage was duly recorded, and was notice to the world. It contained enough of description of the property to put them upon their inquiry, and they are bound by it whether they had actual notice of the mortgage or not. *Ross* v. *Menefee,* 125 Ind. 432.

This brings us to the consideration of the other objection urged against the sufficiency of the complaint, that a demand for the property is not averred as having been made before the bringing of this action.

It is shown by the averments of the complaint that both the appellants and appellee held mortgages on the property in controversy,—the appellee as senior and the appellants as junior mortgagee.

It is further averred that the appellants obtained possession of the property by virtue of a replevin suit against the owner thereof, before a justice of the peace, based upon their said junior mortgage, and that while said suit was pending before said justice, and during the trial thereof, appellee notified appellants of its senior mortgage and exhibited it to them and their attorneys, as also the note it was made to secure, thereby giving the appellants actual notice of the appellee's mortgage; and that, after the appellants had been awarded judgment for the possession of the said property, they took the same, converted it to their own use and sold it, and have put said property beyond the reach of appellee, and that said appellee has been, and still is, unable to secure possession of the same.    All this is alleged to have occurred before the beginning of this action, and the appellee asks judgment for damages on account of such conversion.

These allegations, we are convinced, are sufficient to excuse a demand, if one was necessary.

It is well settled, by the decided cases, that when an actual conversion is alleged a demand before suit need not be averred.    *Proctor* v. *Cole,* 66 Ind. 576; *Bunger* v. *Roddy,* 70 Ind. 26; *Snyder* v. *Baber,* 74 Ind. 47; *Terrell* v. *Butterfield, Exec.,* 92 Ind. 1.

It is maintained, however, that other allegations in the complaint in effect destroy the averment of a conversion. It is stated in the complaint that in the replevin suit before the justice the appellee was "present in court," and the appellants' learned counsel insists that as the title to the property was there involved the appellee is concluded

by the judgment. To that action, the present appellee was not a party. The suit was between the present ap-. pellants and the owner and mortgagor. The mere expression "present in court" can not be construed so as to bind the appellee by the judgment there rendered.

It does not appear, from the complaint, that any issue was there made between the present parties as to their respective rights, and as between the defendants in that action and the appellee here, there was no privity.

The complaint was sufficient, and the court committed no error by overruling the demurrer.

The last error assigned in the superior court was the overruling of the motion for a new trial.

Twenty-five reasons are assigned in the written motion for a new trial, and each of these is argued at length and with much apparent force and plausibility by the learned counsel for appellants. Some of these relate to the alleged misconduct of the presiding judge in the interrogation of witnesses and interruptions of counsel while conducting the examination. Others have reference to the introduction and rejection of testimony, etc.

We have examined all these alleged reasons and have given the matters involved in this appeal a careful examination.

The result reached by the judgment impresses us as a just and proper one, and if any errors were committed they were of a technical nature, and have not harmed the appellants, inasmuch as the judgment is quite as favorable to them as they had a right to ask, and, we will be pardoned for suggesting, only $20 more than the amount the appellants offered to confess judgment for.

The point most confidently relied upon by the appellants seems to be that the appellee had defended the replevin suit before the justice of the peace, to which said

appellee was confessedly not a party, but in which it is urged it acted for the mortgagor and owner of the property. The facts are far from showing that appellee is concluded by that judgment. There was no issue in that case, as to any claim on account of appellee's mortgage, and the appellants did not even offer to show any arrangement between the defendants in that suit and the present appellee, in pursuance of which the appellee conducted the defense.

The record shows that the judgment in question was rendered by default and no appeal could have been taken from it by the appellee in the present case, and it is not conclusively shown that appellee did anything there, by virtue of which the judgment is binding upon it.

There was no available error.

Judgment affirmed.

Filed May 12, 1893.

## On Petition for a Rehearing.

Reinhard, J.—Counsel for appellants, in his brief upon the motion for a rehearing, insists that we were wrong in our supposition that the judgment in replevin before the justice was rendered on default. It is due to counsel to say that the record does show an appearance and a trial, but it remains true that no answer was filed and no issue tendered respecting the appellee's mortgage.

The statute put in the general denial for the defendants, but this raised no issue as to any priority of claims between the mortgagees as to their respective mortgages.

If we understood the appellants' contention, it is that because the defense of property in a stranger may be made under the general denial, and as the statute interposed such denial for the defendants, the conclusive presumption is that the parties litigated their several rights in the replevin suit, and as the judgment there was for

the junior mortgagee, the appellee's senior mortgage became merged in the judgment. This doctrine is radically unsound. Granting all the force and effect now claimed for the general denial upon the former trial, it by no means follows that a senior mortgage constitutes property in a stranger in the sense that the mortgagor can thereby defeat the claim of a junior mortgagee to the possession. If such were the law, the mortgagor could always keep the property as against any junior mortgagee. But it is a well known rule, that such junior mortgagee may always maintain replevin against the mortgagor and any person other than a senior mortgagee for any taking of the property which is in conflict with his rights as junior mortgagee. *Newman* v. *Tyneson*, 13 Wis. 172; *Treat* v. *Gilmore*, 49 Me. 34; *Gardner's Admr.* v. *Morrison*, 12 Ala. 547.

It can not be true that if there is more than one mortgage on a chattel the mortgagor may defeat an action for possession by the junior mortgagee by setting up property in a stranger, and then simply proving in support thereof that there is an older mortgage outstanding.

Under the old form of the writ of replevin, the plea of property in a stranger was always necessarily accompanied by a traverse of plaintiff's right to possession. Wells Replev., 689.

Something more, therefore, than property in a stranger was necessary to defeat the action of the plaintiff. To do this, it must be shown not only that a stranger was the owner or entitled to the possession, but that the plaintiff had no title or right of possession in himself. As between the junior mortgagee, the plaintiff in the replevin suit, and the mortgagor, the former was entitled to the possession, and this was the only issue raised, or that could have been raised, by the parties to the record. The parties were powerless to raise issues that could not

have been raised in the condition of the record. The appellee could not have raised such an issue in the name of the mortgagor.

It could have done so only by being made a party to the proceedings before the justice. The judgment concludes the appellee, only to the extent that the issue upon which it sought to declare the appellee estopped was involved or might properly have been raised in the original action.

If the judgment in replevin is binding upon the appellee, therefore, the utmost that can be claimed is that the appellee is estopped to deny the validity of the junior mortgage, or the right of the Koehrings to recover thereon, as between them and the mortgagor.

The replevin suit did not determine the rights of the appellee to recover on its own mortgage, for that mortgage was not and, under the issues, could not have been involved in that trial. No case has been cited in which the doctrine of *res adjudicata* has been carried to the extent here contended for, and we are not disposed to so extend it, unless the law compels us to do so.

Nor do we see how the appellants would be in any better position if they had been allowed to show some arrangement by which the appellee defended the replevin suit for the mortgagor.

The appellants got the benefit of all that transpired in that suit, and their case would be no stronger had they been permitted to make the proof offered. They were not harmed by the ruling of the court, even if a technical error was committed.

It is further contended that the evidence fails to show a conversion, and that, therefore, there should have been no recovery without proof of a previous demand.

One of the appellants testified that they had put up the property for sale under their mortgage, and that at

such sale they themselves had become the purchasers, and that thereafter they had again disposed of the property by sale. The appellants contend that this was no proof of a conversion, but under the authorities we must hold that it was.

We think the counsel for appellants will agree with us that if there was evidence of a conversion no demand was necessary. *Cox* v. *Albert*, 78 Ind. 241.

The contention that the appellee was bound to prove that it pursued the property after sale and showed its location and *status* at the time this action was commenced, can not prevail. Conceding that appellants had the right to put up the mortgaged property for sale under their mortgage, and to purchase it at such sale, it does not follow that, by reason thereof, they purchased anything more than the equity of redemption of the mortgagor. The property was still subject to the lien, and the purchaser at such sale took it with the encumbrance still upon it, and he could not thus dispose of it and convert the proceeds to his own use, without incurring the liability of paying the claim represented by appellee's mortgage.

In other words, the sale by the appellants, after their purchase at the replevin sale, was a conversion of the property, and rendered them liable in trover for its value, without a previous demand. *Duke* v. *Strickland*, 43 Ind. 494; *McFadden* v. *Hopkins*, 81 Ind. 459; *Ross* v. *Menefee*, 125 Ind. 432.

Other questions urged have been gone over in the original opinion, and we need not discuss them further than to say that we have again carefully examined this case, and while in the former opinion there may have been some expressions, as to the facts, not strictly borne out by the record, we see nothing that will warrant a different conclusion.

Petition overruled.

Filed October 18, 1893.