Jocelyn *v.* Barrett.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. Grose*, for appellant.

*Mellitt & Martindale*, for appellees.

---

### JOCELYN *v.* BARRETT.

The word "acts" in sec. 1, p. 141, acts 1861, should have been "act," and refers to the justices' act in the Revised Statutes of 1852, and said section, so corrected, is to be taken as and for the 13th section of said justices' act.

The wrongful taking or detaining of personal property is a trespass in the general sense of the word, and, by virtue of the 15th section of the justices' act, an action for such trespass in the form of an action of replevin may be brought either in the township where the defendant resides, or where the trespass was committed, and process served throughout the county.

Jocelyn v. Barrett.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—*Barrett* sued *Jocelyn* before a justice of the peace in *Sand Creek* township, *Decatur* county, *Indiana*, to recover possession of an article of personal property, viz: one bay horse, alleged to be unlawfully detained, &c. Judgment for the plaintiff upon a default. The defendant appealed to the Circuit Court; and, on leave granted, there answered, upon oath, in abatement, setting up want of jurisdiction in the justice. The matter set up was this, viz: that he was a citizen and resident of *Washington* township in said county; that there were competent justices in that township, and that, at the time of the commencement of the suit, he had said horse in his possession in *Washington* township.

The Court sustained a demurrer to this answer. The cause was then tried upon the general denial, and there was judgment for the plaintiff. The only question reserved is that upon the demurrer to the answer in abatement. Was that answer sufficient? The statute provides, (acts 1861, p. 141,) that:

"No person who is a resident of any township in this State shall be sued out of said township, except as specified in the above mentioned acts, unless said suit is commenced by a *capias ad respondendum*, or where there shall be no justice competent to act in said township."

The word "acts," in this section of the statute, is an error. It should have been "act," the singular number, and refers to the justices' act in the R. S. of 1852; and the section, as quoted, with the single change of *act* for *acts*, is to be taken as and for the 13th section of said justices' act.

This section, then, requires resident defendants to be sued in the townships where they reside, except in the cases taken out of the section by other provisions of the justices' act.

Section 15 of that act is as follows:

"Suits for trespass to real and personal property may be

VOL. XVIII—9.

Jocelyn *v.* Barrett.

brought either in the township where the defendant resides, or where the trespass was committed, and process served throughout the county."

The wrongful taking or detaining of personal property is a trespass, in the general sense of the word. Replevin, at common law, was concurrent with the action of trespass. And as there is now but one form of action, the above section must mean suits for the recovery of personal property, or for injury to it. Replevin is laid down as being a local action at common law, with an exception

In 2 Saunders' Plead. and Ev. 761, it is said "the venue is local and must be laid in the county where the cattle were taken, as the place is material and traversable; except where the cattle were driven into another county, in which case the plaintiff has his election to bring his replevin in either county, and may lay his venue in the county in which the replevin is, Doc. Plac. 615, as the wrong continues wherever he has the cattle."

But it is not so here unless made so by statute. In *Muck* v. *Falkrood,* 1 P. A. Browne, p. 60, the reason is given. Replevin lay, in *England,* only for goods taken by distress. Distress was for rent, and damage feasant, and the right to make it often turned "on the *place,*" and thus the freehold of the place might come in question.

The above section of our statute makes the action to recover possession of personal property local to this extent, that it must be brought in the township where the defendant resides, or where the property was wrongfully taken or detained, so be that that township is in the county in which the defendant resides. This being so, the answer in abatement in this case was bad because it did not aver that the property was not originally taken or detained in *Sand Creek* township, thus negativing that the cause of action arose in that township.

*Per Curiam.*—The judgment is affirmed with one per cent. damages and costs.

*J. S. Scobey* and *William Pound,* for appellants.

*Oscar B. Hord* and *Cortez Ewing,* for appellee.