Beddinger's Adm'r *v.* Jocelyn.

*J. M. Flagg,* for the appellant.

---

## BEDDINGER's Adm'r *v.* JOCELYN.

Actions of replevin may be instituted before any justice of the peace in the county, without reference to the fact that the defendant may reside in a different township from that in which the justice resides.

APPEAL from the *Decatur* Circuit Court.

HANNA, J.—This case rests upon facts similar to those stated in *Jocelyn* v. *Barrett,* at this term. In the case cited, the jurisdiction was sustained for reasons therein given, and which are, perhaps, sufficient; but in addition, the writer would suggest, that the proceeding in the nature of replevin under the statutes quoted is an exception to the general territorial limitation of jurisdiction prescribed as to ordinary proceedings. This results from the fact that it is a proceeding, in the first instance, to recover the property, and may not necessarily result in a judgment of damages against the defendant. It is true such damages may be assessed in proper cases; but, as the real object of the action is to recover the specific thing, rather than to proceed in a form in the nature of assumpsit for damages for the conversion thereof, it would appear that the reasons for the enactment of the statute limiting the jurisdiction as to the person in regard to actions of the latter class, are not applicable. This is somewhat indicated by the

provision that the order for the seizure of the property is directed, &c., to any constable in the county, rather than of the township, and he is authorized to serve it any where in the county, not only as to the seizure of the property but as to service on the defendant of that part notifying him of the proceeding. Why the necessity of authorizing such service, any place in the county, if the suit should be instituted in the township of the defendant's residence.

*Per Curiam.*—The judgment is affirmed, with costs.

*John S. Scobey* and *Will. Pound*, for the appellant.

*Oscar B. Hord* and *Cortez Ewing*, for the appellee.