Cook's Adm'r *v.* Gibson.

———————————————

## Cook's Adm'r *v.* Gibson.

Trespass—Jurisdiction.—The wrongful taking or detention of personal property is a trespass, in the general sense of the word, and, under § 15 of the justice's act, an action for such trespass, in the form of an action of replevin, may be brought, either in the township where the defendant resides, or where the trespass was committed, and process served throughout the county.

APPEAL from the *Marion* Common Pleas.

Hanna, J.—This suit was commenced before a justice of the peace for the recovery of the possession of personal property, to-wit: one horse, of the value of 50 dollars.    The complaint contained an averment, "that said property is unlawfully detained by one *William Gibson* in said county, and as affiant is informed and believes in *Warren* township therein." There was a written motion to dismiss, "for want of jurisdiction," which was overruled.    In the Common Pleas the motion was renewed and sustained.

The appellee contends, here, that although it was averred in the complaint that the property was unlawfully taken and detained, yet the plaintiff was really seeking to recover the value thereof only, and therefore the dimissal was correct.

There is nothing in the record informing us whether the

objection was to the jurisdiction of the justice over the person or the subject matter. The appellant argues as if the action of the Court had been influenced by a supposed want of jurisdiction of the subject matter. The inference from the argument of the appellee would seem to be that the Court was controlled by the idea that there was no jurisdiction of the person. As to the first, it has been settled by the case of *Jocelyn* v. *Barrett*, 18 Ind. 128; and as to the other, there is nothing in the record which would preclude the existence of the fact that the defendant was, perhaps, a resident of the township where the suit was brought, even if it was a case of assumpsit.

The question is not therefore necessarily before us, whether this is an action of that character, or whether advantage could be taken by motion of the supposed defect.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Rand & Hall* and *Joseph T. Roberts*, for the appellant.
*Colerick & Jordan*, for the appellee.