## NICHOLAS COPPLE ET AL. V. HOWARD LEE.

*Venue in Replevin.*--Such action may be brought in any township of the county wherein the defendant resides. (Cases overruled.)

Filed April 22, 1881.

Appeal from Shelby Circuit Court.

Alonzo Blair, E. P. Ferris and W. W. Spencer, for appellants, cited *Jocelyn* v. *Barritt*, 18 Ind. 128; *Beddinger* v. *Jocelyn*, 18 Ind. 326; *Test* v. *Small*, 21 Ind. 127; *Cook's Adm'r* v. *Gibson*, 21 Ind. 303, as to venue in replevin; *Leard* v. *Leard*, 30 Ind. 171; *Julian* v. *Beall*, 34 Ind. 372, as to obligation of lower court to follow the rule laid down by the Supreme Court; *Nesbit* v. *Leavy*, 37 Ind. 300; *Smith* v. *Jeffries*, 25 Ind. 376; *Stout* v. *Chapman*, 29 Ind. 142, as to waiver of objection to personal jurisdiction.

E. K. Adams, for appellee, cited *Jocelyn* v. *Barritt*, 18 Ind. 128, as to taking and detention of personal property being a tres-pass; also *Beddinger's Adm'r* v. *Jocelyn*, 18 Ind. 325; *Test* v. *Small*, distinguished on the point of jurisdiction; *Cook, Adm'r.* v. *Gibson*, 21 Ind. 203, as to venue; also *Nesbit* v. *Long*, 27 Ind. 301, claim-ing that action must be brought in the township where the act was done or the defendant resides; 14 Ind. 89; 17 Ind. 236; 16 Ind. 275, as to former pleas in abatement, and *Thompson* v. *Greenwood*, as to present practice thereon, as also *Band* v. *Wagner*, 28 Ind. 462; *Sweet* v. *Tuttle*, 10 How. Pr. 40; *Mayhew* v. *Robinson*, 10 How. Pr. 162; 14 N. Y. 465; 5 Sand. 210, and cases above as to waiver of objection to personal jurisdiction.

Opinion of the court by Mr. Justice Woods.

The only question presented is whether an action for the wrongful taking and detention of personal property, when brought before a justice of the peace, must be commenced in the township in which the defendant resides, or that in which the property was unlawfully taken and detained, or may it be brought before any justice of the county in which the defendant resides?

There is some conflict in the decisions and dicta of this court; see *Jocelyn* v. *Barritt*, 18 Ind. 128; *Beddinger's adm'r* v. *Jocelyn*, 18 Ind. 325; *Test* v. *Small*, 21 Ind. 127; *Nesbit* v. *Long*, 37 Ind. 300.

The section of the law (2 Rev. Stat., 1876, p. 628, sec. 71) which confers jurisdiction in such cases upon justices of the peace authorizes the justice before whom the complaint shall be filed, to issue his writ "to some constable of the county;" and it having been held in *Beddinger's adm'r* v. *Jocelyn*, and *Test* v. *Small, supra*, that the action may be commenced in any township of the county in which (county) the defendant resides, we adhere to the doctrine of those cases, overruling the others so far as inconsistent.

Judgment reversed with costs, and with instruction to sustain the demurrer to the answer in abatement.