No. 7757.

## LOUTHAIN ET AL. *v.* MAY.

REPLEVIN.—*Evidence of Detention.*—In an action of replevin, it is not necessary that the place where the property is detained be proved by direct evidence, but it may be inferred from circumstances.

PRACTICE.—*Instruction.*—An instruction given by the court of its own motion must be signed by the judge, or made a part of the record by a bill of exceptions, to be available on appeal.

From the Cass Superior Court.

*J. C. McGregor* and *R. Magee,* for appellants.
*H. C. Thornton* and *W. W. Thornton,* for appellee.

ELLIOTT, C. J.—This action was instituted by the appellee against the appellants for the recovery of personal property. Verdict and judgment for the appellee, from which appellants appeal.

The only assignment of error argued is that based upon the ruling denying a new trial.

It is contended with much earnestness, that the appellee failed to make out his case, for the reason that the evidence did not show that the property in controversy was detained in the county of Cass. We need not examine or decide whether it was essential that the property should have been shown to have been detained in Cass county, for the evidence fairly shows that it was detained in the city of Logansport, and that city the court judicially knows is the county seat of that county. If this were not so, there are other facts and circumstances from which it might have been inferred that the property was detained in Cass county. It is not necessary that the place where the property is detained should be proved by direct evidence; it may, like any other fact, be inferred from circumstances.

It is argued that the appellants were entitled to a new trial because some wheat, included in the controversy, was shown not to belong to the appellee. The argument is a very re-

markable one, when it is noted, as it must be, that the verdict as to the wheat was in appellants' favor. If the appellants were aggrieved, it could only have been by the omission or refusal of the court to make the proper order for the return of the wheat; but no complaint is made of any such omission, and hence we must treat the judgment of the court as having been in all things correct.

Complaint is made of an instruction, which, it is said, was given to the jury. The instruction is not signed by the judge, nor is it incorporated in the bill of exceptions. It is well settled that an instruction given by the court upon its own motion must be signed by the judge, or made part of the record by a bill of exceptions. As the instruction in this case is not signed by the judge, nor embraced in a bill of exceptions, it can not be considered as forming any part of the record.

Judgment affirmed, at the costs of appellants.