Copple *et ux. v.* Lee.

---

No. 7891.

COPPLE ET UX. *v.* LEE.

REPLEVIN.—*Justice of the Peace.—Jurisdiction.—Statute Construed.—Cases Overruled.*—Under the provisions of sec. 9 of the act concerning justices of the peace, 2 R. S. 1876, p. 605, an action of replevin before a justice must be brought either in the township in which the property was taken, or in which it is detained. *Beddinger's Adm'r* v. *Jocelyn*, 18 Ind. 325, and *Test* v. *Small*, 21 Ind. 127, overruled.

From the Shelby Circuit Court.

*A. Blair, E. P. Ferris* and *W. W. Spencer,* for appellants.

*E. K. Adams,* for appellee.

NIBLACK, J.—This was an action of replevin by Nicholas Copple and Cynthia Copple, his wife, in right of the said Cynthia, against Howard Lee, for the recovery of a bay horse of

the value of $50, and a bay mare of the value of $40, and was commenced before a justice of the peace of Addison township, in Shelby county.

The defendant answered in abatement, that at the time of the commencement of this suit he was, as he still continued to be, a resident of Sugar. Creek township, in said county of Shelby; that the property in suit had not been taken or detained by him in said township of Addison, but that said property had been taken and detained, and was then held by him, in Sugar Creek township aforesaid; that this suit had not been commenced by a *capias ad respondendum*, or in a case where there was no justice of the peace in said Sugar Creek township competent to try the same; that, at the time of the commencement of this suit, there were two duly qualified and acting justices of the peace in and for said Sugar Creek township, giving the names of such justices, both of whom were fully competent to try the cause.

After judgment before the justice, the cause was appealed to the circuit court, where the plaintiffs demurred to the answer in abatement, but their demurrer was overruled.

Issue being joined, the court found in favor of the defendant upon the facts pleaded in abatement as above, and judgment that action abate was rendered accordingly.

Error is assigned upon the overruling of the demurrer to the answer in abatement.

The question presented by this assignment of error is one which, in some form, has been heretofore several times before this court, and concerning which there appears to have been some conflict in the decisions of this court. We will, therefore, to some extent, consider the question, as now presented, as an original question here.

Section 9 of the act defining the powers and duties of justices of the peace in civil cases provides, that " The jurisdiction of justices in civil cases, shall, unless otherwise provided by law, be limited to their townships respectively." 2 R. S. 1876, p. 605.

Section 13 of the same act declares that "No person who is a resident of any township in this State shall be sued out of said township, except as specified in the above mentioned acts, unless said suit is commenced by a *capias ad respondendum*, or when there shall be no justice competent to act in such township."

Section 71 of the same act further enacts that where a plaintiff files his verified complaint, alleging that his personal property has been wrongfully taken, or is unlawfully detained by some other person, specifically describing such property, the justice shall issue to some constable of the county his writ, commanding him to take the property described and deliver it forthwith to such plaintiff, and that he summon said defendant to appear, at a time and place therein named, before such justice, to answer such complaint.

Section 15 of the same act also provides that "Suits for trespass to real and personal property may be brought either in the township where the defendant resides, or where the trespass was committed, and process served throughout the county."

Taking section 71 in connection with sections 9 and 13 only, we think it would mean that an action of replevin could only be brought in the township in which the defendant resides, the provision that the writ shall be issued to some constable of the county having reference only to a more convenient and efficient method of obtaining service of the writ, without enlarging the territorial jurisdiction of the justice issuing such writ.

But treating the action of replevin as being analogous to, and in the nature of, an action of trespass to personal property, and construing section 71, also, in connection with section 15, lastly above set out, as this court did, and as it seems to us correctly, in the case of *Jocelyn* v. *Barrett,* 18 Ind. 128, an action of replevin may also be brought in the township in which the property was taken or is detained, and to this extent only do we regard the territorial jurisdiction of a jus-

tice of the peace as being greater in an action of replevin than in other and ordinary civil actions.

We are, therefore, of the opinion that the court below did not err in overruling the demurrer to the answer in abatement filed by the appellee. See, also, *Beddinger's Adm'r* v. *Jocelyn*, 18 Ind. 325; *Test* v. *Small*, 21 Ind. 127; *Nesbit* v. *Long*, 37 Ind. 300.

So far as any of these last-named cases are in conflict with the conclusion we have reached in this case, they must be considered as overruled.

It is also objected that the answer in abatement was not filed in time, but the record made of the proceedings below does not sustain that objection.

The judgment is affirmed, with costs.