WILLS.

---

## KING v. CONNEVY.

1. REPLEVIN: *Description of property: Variance.*
   In replevin for a mare claimed by the plaintiff under a mortgage, where the complaint describes the animal as "a cream-colored, blazed-face mare, eight or nine years old, described in the mortgage * * * * as being a cream-colored mare seven years old," the variance between the mortgage and complaint is immaterial and constitutes no ground of demurrer.

2. SAME: *Same: Practice.*
   If such variance were material and existing between the mortgage and a proper description of the animal taken under the order of delivery, it could be availed of only at the trial and not by motion to quash the order.

APPEAL from *Lafayette* Circuit Court.

C. E. MITCHEL, Judge.

This is an action of replevin commenced before a justice of the peace where the affidavit filed to obtain an order of delivery, was made to serve also the office of a complaint. The affidavit describes the property which the plaintiff seeks to recover as "cream-colored, blazed-face mare, eight or nine years old, described in a mortgage given by James M. King to J. M. Witt, as being a cream-colored mare seven years old." The value of the mare was stated to be $75, and the sum of $50 was claimed as damages for her detention. The affidavit also states that the plaintiff has a special ownership in the animal and is entitled to its immediate possession as trustee under the mortgage to Witt, and that the defendant has wrongfully taken and unlawfully detains it under an execution against the mortgagor. An order of delivery was issued in which the mare is described as "a cream-colored, blazed-face mare, eight or nine years old," of the value of $75. On appeal to the Circuit Court a demurrer was sustained to the affidavit, and the plaintiff filed an amended affidavit. The order of delivery was thereupon quashed on the defendant's motion for a variance between the description it contained of the mare and that given in the amended affidavit. The plaintiff afterwards amended his amended affidavit, and the defendant demurred thereto on the ground that there was a variance between the affidavit and the mortgage in the description of the mare. The court sustained the demurrer, and the plaintiff declining to amend further, final judgment was rendered against him. The only substantial difference between the original and amended affidavit, is that the latter stated, while the former omitted to state, that the mare "has not been taken for a tax, or fine," etc. (as provided for in *Mansf. Dig., sec. 5572*).

*D. L. King*, for appellant.

The description in the mortgage was ample to give third parties notice. *39 Ark., 394; 46 id., 70.* The mortgage was.

simply evidence for plaintiff to use on the trial. *35 Ark.,
543 ; 33 id., 543.* A variance in description may be corrected
by oral evidence. *33 Ark., 475.* Contends that there was no
real variance, but if there was demurrer, was not the remedy.
*42 Ark., 186.*

PER CURIAM. It was error to quash the order of delivery
on demurrer to the complaint.

<div style="float:right">REPLEVIN:<br>Variance:<br>Practice.</div>

The complaint stated a good cause of action, and the
demurrer should have been overruled. If there was a fatal
variance between the description of the horse in the mortgage,
and the one taken under the order of delivery, it was a matter
to be availed of at the trial. The variance between the two
as set forth was immaterial in any event.

Reverse and remand for further proceedings.