Filed May 29, 1891.

---

·No. 128.

## BUCK *v.* YOUNG.

REPLEVIN.—*Before Justice of Peace.— Where Brought.*—An action of replevin before a justice of the peace must be brought in the township where the defendant resides (unless there be no justice competent to act in such township), or in the township where the property in controversy was taken or is detained.

SAME.—*Complaint Need not Aver Defendant's Residence or Place of Detention.*—

Buck *v.* Young.

*Appearance.—Effect.*—The complaint need not contain an allegation showing that the action is brought in the proper township; and if the action is not brought in a proper township, a full appearance by the defendant, without first raising the question of the want of jurisdiction, not apparent on the face of the complaint, by a plea in abatement, is a waiver of the right to insist that the action has been brought in an improper township.

SAME.—*May Prove Either General or Special Ownership.*—Under a complaint averring a wrongful taking or unlawful detention of his personal property, the plaintiff may prove either a general or special ownership in himself, with the right to the immediate possession.

SAME.—*Verdict.—Form.*—If the evidence shows that the plaintiff is entitled to the possession of the property, but does not show that he is the absolute owner thereof, the verdict should merely state the fact as proved.

SAME.—*Damages.*—The action of replevin may be maintained before a justice of the peace without claiming in the complaint damages for the detention of the property; and although damages be claimed, if none be proved, none need be found in the verdict.

SAME.—*Foundation of Action.—Mortgage.—Variance.*—A mortgage by virtue of which the right of possession to property is claimed is not the foundation of the action; and a variance between the description of the animal in the complaint and in the mortgage is immaterial, so long as the proof conforms to the complaint and shows that the animal as described in the mortgage is the one described in the complaint.

SAME.—*Proof of Place of Detention.*—It is not necessary to a recovery to prove the township in which the property is detained, nor the township in which the defendant resides.

SAME.—*Error in Record of Chattel Mortgage.*—Where a chattel mortgage provides that if the property mortgaged be sold the mortgagee may at once take possession thereof, it is immaterial that a mistake is made in the record of the mortgage as to the date of the note secured, and when it will become due.

CHATTEL MORTGAGE.—*Description.—Sufficiency.—Surplusage.*—A description in a chattel mortgage need not be so definite and certain that the property can be identified by the description alone; but if it will enable third persons, aided by inquiries which the instrument indicates and directs, to identify the property, it is sufficient in this regard; and, if the description is in some respects inaccurate or erroneous, those parts may be rejected, and it will still be sufficient, if there is enough left to put a third person upon his guard, and to lead him to such further knowledge as will save him from loss.

From the Knox Circuit Court.

*W. A. Cullop, C. B. Kessinger, W. F. Townsend* and *H. W. Alexander,* for appellant.

*B. M. Willoughby* and *J. S. Pritchett,* for appellee.

BLACK, J.—This was an action to recover the possession of a horse, commenced before a justice of the peace by the appellee against the appellant.

The complaint is attacked in this court by an assignment that it does not state facts sufficient to constitute a cause of action, the only objection suggested being that it was not alleged that the property was detained in the township where the action was instituted, or that the defendant resided there.

An action of replevin can not properly be brought before a justice of the peace against one who is a resident of this State, except in the township where he resides (unless there be no justice competent to act in such township), or in the township where the property was taken or is detained. Sections 1431, 1432, 1443, 1547, R. S. 1881; Acts of 1885, p. 230; *Copple* v. *Lee,* 78 Ind. 230.

But the complaint need not allege facts showing that the action has been brought in the proper township, and if the defendant appears to the action and proceeds in the defence, as the appellant did in the case at bar, without first raising the question as to such want of jurisdiction not apparent on the face of the complaint, by answering in abatement, he can not thereafter raise such question either collaterally or directly. *Ludwick* v. *Beckamire,* 15 Ind. 198; *Mayes* v. *Goldsmith,* 58 Ind. 94; *Nesbit* v. *Long,* 37 Ind. 300; *Day* v. *Henry,* 104 Ind. 324.

The appellant's motion for a *venire de novo* was overruled. The objection urged against the verdict is that it found that the appellee was entitled to the possession of the property, but did not find that he was the owner of it.

The statute relating to the action of replevin before justices of the peace (section 1547, R. S. 1881) provides for a com-

plaint in which the plaintiff shall set forth that his personal goods, etc., have been wrongfully taken or are unlawfully detained, etc.   Under such a complaint the plaintiff may prove either a general or a special ownership in himself, with the right of possession.   *Krug* v. *McGilliard,* 76 Ind. 28 ; *Entsminger* v. *Jackson,* 73 Ind. 144 ;   *Rose* v.   *Cash,* 58 Ind. 278 ;   *Deacon* v. *Powers,* 57 Ind. 489.

If the evidence showed that the appellee was entitled to the possession of the property, and did not show him to be the absolute owner thereof, it was quite proper that the verdict should merely state the fact as so proved.

Another objection made to the verdict is that it did not assess any damages for the detention of the property.   This objection can hardly be said to be insisted upon in appellant's brief, and, therefore, it might be regarded as waived. The omission, besides being favorable to the appellant, did not render the verdict defective.   The action of replevin may be maintained before a justice of the peace without claiming in the complaint damages for the detention of the property.   *Eddy* v. *Beal,* 34 Ind. 159.

Although damages be claimed, if none be proved, none need be found in the verdict.

A motion for a new trial made by the appellant was overruled.

It was shown by the evidence that the appellee's son, being the owner of the horse in question, mortgaged it to the appellee to secure a promissory note made by the mortgagor to the mortgagee, the mortgage containing a provision that the property should remain in possession of the mortgagor until default, but that, in case of a sale thereof, or if the mortgagee should deem himself insecure, he might take immediate possession ; that the mortgage was recorded on the 3d of October, 1888, the day of its execution, in the office of the recorder of the county ; that the next day the mort-

gagor sold the horse to the appellant, who had no actual knowledge of the existence of the mortgage.

The property was described in the complaint as " one sorrel gelding horse, with hind hoofs and bald face, about sixteen and one-half hands high, and twelve years old, worth eighty dollars."

In the mortgage introduced in evidence the mortgagor was shown to be of Knox county, Indiana, and the horse was described as " one sorrel gelding horse, white hind feet, with bald face, about sixteen and one-half hands· high, twelve years old, worth eighty dollars; now in possession of the mortgagor in said county."

The appellant contends that there is a material variance between the description in the complaint and the description in the mortgage. There seems to be a clerical error in the complaint, either in the use of the word " with " for the word " white," or in omitting the word " white " after the word " with." But appellant bases no objection upon this discrepancy, but relies upon the difference between the word " hoofs " and the word " feet."

The mortgage is not the foundation of the action. *Burns* v. *Harris*, 66 Ind. 536. The property was sufficiently described in the complaint. The somewhat different description in the mortgage introduced to sustain the cause of action, did not constitute a fatal variance. See *Mattingly* v. *Darwin*, 23 Ill. 567.

It is suggested that there was a failure of proof as to the township in which the property was detained, and as to the residence of the appellant.

In *Cox* v. *Albert*, 78 Ind. 241, cited by appellant, it was held that, while in the affidavit to obtain immediate possession of the property in an action of replevin commenced in the circuit court, the affiant should state in what county he believes the property to be detained, it is not necessary that this statement should be sustained by any evidence. That case and *Louthain* v. *May*, 77 Ind. 109, and *Robinson* v.

*Shatzley*, 75 Ind. 461, also cited by appellant, do not sustain his contention.

As we have already seen, if the appellant desired to raise a question as to whether the action was brought in the proper township, he should have pleaded in abatement.

The appellee introduced in evidence, over the objection of the appellant, the record of the mortgage in the chattel mortgage record in the office of the county recorder. The mortgage, which had been introduced, showed that it was made to secure payment of " one promissory note of even date hereof, in the sum of $250, due December 25th, 1888," etc. In the record the mortgage purported to be made to secure payment of " one promissory note of even date hereof, in the sum of $250, due December 2d, 1888," etc.

It is insisted by the appellant that because of this difference as to the date of the note between the mortgage and the record, the latter was not sufficient to constitute constructive notice to one purchasing from the mortgagor, and that, therefore, it was not admissible in evidence.

According to the record, the note was due in the same month as that stated in the mortgage, but at an earlier day. The appellant purchased the horse before either of these dates. By the terms of the mortgage, and of the record thereof, the mortgagee was entitled to possession immediately upon the sale of the property by the mortgagor, or whenever the mortgagee might deem himself insecure. The amount of the note, as stated in the mortgage, was correctly shown by the record thereof. The clerical mistake in recording the mortgage could not materially and injuriously mislead one about to purchase the property from the mortgagor. Notwithstanding the mistake, the purchaser had sufficient constructive notice. We think the court did not err in the admission of the record.

The appellant contends that the evidence introduced by him showed either that the description of the horse in the

mortgage was false, or that the horse taken on the writ of replevin was not the horse described in the mortgage.

The evidence, with slight variations in the testimony, showed that the horse was about sixteen years old, and was about fifteen and one-half hands high; that one of its hind legs was white nearly to the knee, and that one fore leg was white up to and above the pastern joint.

The evidence plainly showed that the horse taken on the writ was the horse that was mortgaged. The evidence concerning the color of one of the hind legs and one of the fore legs can not be said to be clearly contradictory of the mortgage, in which nothing was said about the color of the legs.

The mortgage gave the height of the horse as about sixteen and one-half hands, while the evidence showed it to be about fifteen and one-half hands.

The mortgage stated the age at twelve years, while the evidence placed it at about sixteen years.

In no other respect was the description in the mortgage contradicted.

A description in a chattel mortgage need not be so definite and certain that the property may be identified by the description alone; but if it will enable third persons, aided by inquiries which the instrument indicates and directs, to identify the property, it is sufficient in this regard. *Smith* v. *McLean*, 24 Iowa, 322; *Tindall* v. *Wasson*, 74 Ind. 495.

It has been held that if it appear that a description in a chattel mortgage is in some respects erroneous, those parts may be rejected, and what is left, if sufficient of itself, may alone be regarded. *Dodge* v. *Potter*, 18 Barb. 193.

We think that the inaccuracies in the description of the horse in the mortgage were not such as to mislead a purchaser pursuing the inquiry indicated by the mortgage, taken as a whole. There was enough in the mortgage to have put a purchaser upon his guard, and to have led him

to such further knowledge as would have saved him from loss.

We will not be understood as holding that an inaccuracy as to the age or as to the size of an animal mortgaged might not be so great and so misleading as to render the record of the mortgage insufficient as constructive notice to a purchaser. We confine our decision to the case before us. See *Mattingly* v. *Darwin*, *supra*; *Harris* v. *Kennedy*, 48 Wis. 500; *King* v. *Connevy*, 52 Ark. 115.

The judgment is affirmed, with costs.

Filed May 28, 1891.