## IN RE INDUSTRIAL BOARD OF INDIANA.

[No. 10,143. Filed November 2, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Construction.—Prosecutions.—Venue.*—Section 69 of the Workmen's Compensation Act, Acts 1915, p. 392, making it a misdemeanor for an employer accepting the compensation provisions of the law to fail to file with the Industrial Board, from time to time, evidence of his compliance with certain requirements of the act, requires that such evidence be deposited with the Industrial Board, the offices of which are, under §54, in Indianapolis, Marion county, and the venue of all prosecutions to impose the fine provided in §69 is in such county, since an offense involving an act of omission is committed where the act should have been done. pp. 551, 552.

2. EVIDENCE.—*Judicial Knowledge.—Location of City.*—The Appellate Court judicially knows that the city of Indianapolis is in Marion county, Indiana. p. 552.

From the Industrial Board of Indiana.

Certified question of law by the Industrial Board. *Question answered.*

BATMAN, J.—Under the provision of §61 of the Workmen's Compensation Act of 1915 (Acts 1915 p. 392) as amended by the act of 1917 (Acts 1917 p. 154), the Industrial Board has certified to this court the following question of law: "Is the venue of all prosecutions to impose the fine provided for in section 69 of 'The Indiana Workmen's Compensation Act' in Marion county?"

Section 69 of said act reads as follows: "Every employer accepting the compensation provisions of this act shall within thirty days after this act takes effect file with the board in form prescribed by it, and thereafter annually or as often as may be necessary, evidence of his compliance with the provisions of section 68 and all others relating thereto. If such employer refuses or neglects to comply with these provisions he shall be punished by a fine of ten cents for each employe at the time of the insurance becoming due, but not less than one dollar nor more than fifty dollars for each day of such refusal or neglect and until the same ceases, and he shall be liable during continuance of such refusal or neglect to an employe either for compensation under this act or at law in the same manner as provided for in section 10."

It will be noted that this section makes the omission on the part of certain employers to perform a specified act, a misdemeanor punishable by fine. Section 13 of the Bill of Rights (Art. 1) of the Constitution of this state provides: "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed." Section 1867 Burns 1914, §1768 R. S. 1881, provides: "Every criminal action shall be tried publicly in the county in which the offense shall have been committed, except as otherwise provided in this act."

This leads us to a consideration of the place of the commission of the offense defined in said §69, *supra*. The misdemeanor created by said section consists in the failure on the part of an employer, accepting the compensation provisions of said act, to file with the Industrial Board evidence of his compliance with certain provisions thereof. Such act of filing evidently requires that such evidence be deposited with said board for offi-

cial custody. *Johnson* v. *Crawfordsville, etc., R. Co.* (1858), 11 Ind. 280; *Powers* v. *State* (1882), 87 Ind. 144; *Oats* v. *State* (1899), 153 Ind. 436, 55 N. E. 226; *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 88 N. E. 932.

By the provisions of §54 of the act the board "shall be provided with adequate offices in the capitol or some other suitable building in the city of Indianapolis, in which the records shall be kept and its official business be transacted during regular business hours." It is thus made apparent, in the absence of any provision to the contrary, that the place of filing such evidence of compliance is with such board at its office in said city of Indianapolis, which the court judicially knows is in Marion county, Indiana. The Supreme Court of this state has held that a neglect to do an act is punishable in the county where the act should have been done, in accord with the general rule that an offense involving an act of omission is committed where the act should have been done. *State* v. *Yocum* (1914), 182 Ind. 478, 106 N. E. 705. We therefore conclude that the question of law submitted must be, and is hereby, answered in the affirmative.

NOTE.—Reported in 117 N. E. 546.