BUHMEIER *v.* STATE OF INDIANA.

[No. 26,078.  Filed June 20, 1934.]

*A. E. Gore* and *Ollie C. Reeves,* for appellant.

*James M. Ogden,* Attorney-General, and *James T. Dowling,* Deputy Attorney-General, for the State.

TREANOR, J.—Appellant was convicted of burglary and assigns as error the action of the trial court in over-ruling his motion for a new trial. The grounds for new trial were that the finding of the trial court was not sustained by sufficient evidence and was contrary to law.

Appellant's brief, under "Points and Authorities" and in "Argument" presents but two particulars wherein the evidence is alleged to be insufficient to sustain the finding. They are that it does not appear that the offense was committed (1) in Vanderburgh County in the State of Indiana and (2) within five years before commencement of the prosecution. Appellant contends that in these particulars "the only proof in the record, is that the offense was committed on the 5th day of March in Evansville."

An examination of the record discloses that "on the 20th day of May, the same being the 69th Judicial day of the March Term, 1931, of the Vanderburgh Circuit

Court," the evidence was heard in the cause. The transcript of the direct examination of Linus Knapp, witness for the State and owner of the house which appellant and one Brown were alleged to have burglarized, contains the following:

"Q. Where do you live, Mr. Knapp?
A. 28 W. Missouri.
Q. How long?
A. About nine months.
Q. How long have you lived in Evansville?
A. All my life.

. . .

Q. You were living on this place on the 5th of March?
A. Yes.
Q. That's in the City of Evansville?
A. Yes.
Q. Was that place broken into on the 5th of March?
A. It was."

It appeared from the evidence that the alleged burglary took place while Brown was rooming at the home of appellant's mother and grandmother where appellant also lived. The transcript of appellant's examination is, in part, as follows:

"Q. When did you first meet this Brown boy?
A. First time he came to our house, that's the first time I ever saw him, about three months ago.

. . .

Q. And the boy came to your place about three months ago?
A. Yes sir."

There was uncontradicted evidence that a radio was taken in the commission of the burglary here charged. The transcript of the examination of appellant's mother is, in part, as follows:

"Q. When did he come there? (referring to Brown)
A. Well, I don't know exactly. Around in February—I think he's been there about three and one-half months. . .

. . .

> Q. How long do you know had the Brown boy been at your place when the radio was brought in?
> A. I can't tell you.
> Q. Give the court an idea?
> A. Three or four weeks."

From the foregoing testimony given on May 20, 1931, it was clearly established that the alleged burglary was committed on the previous 5th day of March, 1931, in the City of Evansville. This court will take judicial notice of the fact that the City of Evansville is in Vanderburgh County and that there is in the State of Indiana such a county as Vanderburgh County. *Cluck* v. *State* (1872), 40 Ind. 263, 273; *Turbeville* v. *State* (1873), 42 Ind. 490; *Louthain* v. *May* (1881), 77 Ind. 109; *In re Industrial Board of Indiana* (1917), 65 Ind. App. 550, 117 N. E. 546. The finding was sustained by sufficient evidence as to both the venue and the time of the commission of the offense. The finding was not contrary to law and the court did not err in overruling appellant's motion for new trial.

Judgment affirmed.