## ZINK V. STATE OF INDIANA.

[No. 867S71. Filed May 13, 1968. Rehearing denied June 28, 1968.]

Thomas J. Gallagher, of Sullivan, for appellant.

John J. Dillon, Attorney General, and Duejean C. Garrett, Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with assault and battery with intent to commit robbery and was found guilty as charged. He claims the trial court erred in overruling his motion for a new trial, and argues that the verdict is contrary to law and is not sustained by sufficient evidence. Where the sufficiency of the evidence is raised, this Court will only consider that evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. Fisher v. State (1966), 247 Ind. 529, 219 N. E. 2d 818; Ponos v. State (1962), 243 Ind. 411, 184 N. E. 2d 10. For that purpose, we must briefly review the evidence favorable to the sustaining of the verdict in favor of the State.

The evidence shows that on February 2, 1967, Robert Clarkson, Jr. left the Elks Country Club in Sullivan, Indiana around 1:20 a.m. and proceeded to Lackey's Lounge, which was located in the City of Sullivan, parked his car behind the lounge, got out and started towards the back entrance of that place. As he approached the back door, two boys, Robert Springer and Larry Morin told him that the door was locked and that he would have to go to the front door. At the same

time, the appellant, James Zink and four other boys approached, and suddenly, without warning or provocation, Zink grabbed Clarkson around the neck and threw him to the ground. Zink got on top of Clarkson and beat him about the head and face. Clarkson says he felt the assailant going through his pockets. Larry Morin tried to pull Zink off Clarkson and Zink proceeded to fight Morin. Another one of the boys with Zink attacked Robert Springer. Zink then said: "Get his billfold, get his billfold." When Clarkson got up he went to the back door and began knocking to be let in. While Clarkson was waiting to be let in at the back door, he heard the boys who had attacked him talking out in the alley, and one of them said: "Did you get his billfold, get his money?" and heard one reply: "No, I don't think I did." One of them then said: "Where is he, up there by the door?" Shortly thereafter the police arrived. Several articles belonging to Clarkson (two bank books, cigarette lighter, pencil and glasses case), were found by the police ten or fifteen feet from the rear of Lackey's Lounge where Clarkson had been attacked. The police shortly thereafter picked up the appellant and the other boys identified by Larry Morin at Bert and Fin's Truck Stop in Shelburn, Indiana.

Appellant first argues that the venue was not properly proved. However, the testimony is undisputed that Lackey's Lounge is located in the city of Sullivan and the attack occurred within ten or fifteen feet of the rear door of that place. This Court judicially knows that the city limits of Sullivan is located a number of miles from the boundary line of Sullivan county, and necessarily the attack would have had to have taken place in Sullivan county. *Buhmeier* v. *State* (1934), 206 Ind. 645, 190 N. E. 857.

There is other evidence of a substantial nature which would be sufficient for the jury to conclude that the alleged crime occurred in Sullivan county, Indiana. The state need not establish venue by a direct question and answer.

Appellant next urges that there is no proof of intent to rob. Of course it is not necessary to prove that a larceny actually occurred or that property was actually taken. It is necessary to prove only that the assault and battery is made with intent to take property feloniously. The evidence shows that Clarkson, on direct and cross-examination, made it clear that he felt the appellant going through his pockets during the attack, although on cross-examination at one place he answered negatively to the question of whether he knew the assailant had gotten into his pockets. Later, on re-direct and re-cross, he stated he actually felt the assailant going through his pockets, but did not know until later whether anything had been taken. The jury has a right to take into consideration the fact that there is no evidence of any provocation for the attack upon Clarkson by the appellant, along with the inquiry of the appellant: "Did you get his billfold, get his money?" These statements show an intent to commit a robbery by the attack, and there was sufficient evidence for the jury to draw such a conclusion. *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445.

Appellant claims he was denied a fair trial because he alleges the jury saw him handcuffed by a deputy U. S. Marshal on leaving the court room. There is no record showing that the appellant objected timely to such action, even if it is assumed that it was prejudicial. The question is raised for the first time in the motion for a new trial.

Appellant further urges that the jury was guilty of misconduct in that it separated without leave of court after retiring to deliberate. There is no showing that the appellant was prejudiced in any fashion, if such action took place, or that it was promptly called to the attention of the court. Misconduct of the character alleged must be promptly called to the attention of the court. *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Hatfield* v. *State* (1962), 243 Ind. 279, 183 N. E. 2d 198; *Peak* v. *State* (1960), 240 Ind. 334, 163 N. E. 2d 584.

Finally appellant urges that his tendered instruction No. 7 was erroneously refused. In substance the instruction informs the jury that it must believe beyond a reasonable doubt ■ that the defendant intended to rob Robert Clarkson, Jr. before he could be found guilty. The instruction is also repetitious. It is further covered by the court's preliminary instructions 6 and 15 with reference to requiring proof of every material fact beyond a reasonable doubt before the defendant could be found guilty. It is not error to refuse a requested instruction if it has already been adequately covered by other instructions given. *Finton* v. *State* (1963), 244 Ind. 396, 193 N. E. 2d 134.

Appellant claims error in refusal to give his tendered instructions 2, 3, 8 and 10. However, these claimed errors ■ are not properly before the court, since they were not separately specified in the motion for a new trial.

The judgment of the trial court is affirmed.

Lewis, C. J., and Hunter, J., concur; Jackson, J., dissents with opinion in which Mote, J., concurs.

JACKSON, J.—Dissenting—I am unable to concur in the majority opinion and dissent thereto.

Appellant, with three other co-defendants, was charged by affidavit with the crime of assault and battery with intent to commit robbery. The issues were formed by the filing of an amended count number one of the affidavit and appellant's plea of not guilty.

The affidavit, as amended, omitting formal parts and signatures, in pertinent part reads as follows:

"COUNT ONE:

Robert Clarkson, Jr., being duly sworn upon his oath says that James Zink, Robert Terry Miller, Jackie Miller and Dave Alumbaugh, late of said County, on the 3rd day of February A. D. 1967, in the said County of Sullivan, and State of Indiana, did then and there unlawfully, feloniously, and in a rude, insolent and angry manner, touch, beat, strike,

and wound Robert Clarkson, Jr., then and there being with the felonious intent then and there and thereby, by violence and putting him in fear, to rob, take, steal and carry away the personal goods and chattels of the said Robert Clarkson, Jr., then and there being, against the will of the said Robert Clarkson, Jr.

COUNT TWO:

Robert Clarkson, Jr., being duly sworn upon his oath says that James Zink, Robert Terry Miller, Jackie Miller and Dave Alumbaugh, late of said County, on the 3rd day of February, A.D., 1967, in the said County of Sullivan and State of Indiana, did then and there unlawfully, feloniously and forcibly and by violence and putting the said Robert Clarkson, Jr., in fear, did rob, take and steal from the person of said Robert Clarkson, Jr., one pair of eye glasses and case, one cigarette lighter, one pencil and two (2) bank deposit books, belonging to the said Robert Clarkson, Jr., contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The State dismissed count two of the amended affidavit and defendant was tried by jury on count one of the amended affidavit. Trial was had by jury and at the conclusion of the State's evidence all defendants moved the court for a directed verdict. The court sustained the motion in part and denied same in part. The court ordered the jury to find defendants Robert Terry Miller and Jackie Miller not guilty and overruled motion as to defendants Zink and Alumbaugh. The last named defendants proceeded to trial producing their evidence in chief which the State did not rebut, and at the conclusion thereof the jury found the defendant Alumbaugh not guilty. The jury found the defendant Zink guilty, the verdict so finding, omitting formal parts, reads as follows:

"We, the Jury, find the defendant, James Zink, guilty of assault and battery with intent to commit a felony as charged in the amended affidavit and find his true age to be 23 years, and that he shall be imprisoned for the term and period of not less than one (1) nor more than ten (10) years."

Thereafter appellant Zink filed his motion for new trial. Such motion, omitting formal parts and memorandum, reads in pertinent part as follows:

"1. The court erred in overruling the defendant's separate and several motion to quash the first count of the amended affidavit.

2. The court erred in overruling the defendant's separate and several motion for a directed verdict at the close of the State's evidence.

3. The verdict of the jury is contrary to law.

4. The verdict of the jury is not sustained by sufficient evidence. In support of assignments 3 and 4 herein above, the defendant submits herewith his memorandum stating specifically wherein such evidence is insufficient, and the verdict is contrary to law, as follows:" (Omitted here see transcript pp. 128-146 inclusive.)

The motion for new trial was overruled and this appeal followed.

Appellant's Assignment of Errors, omitting formal parts and signature, reads in pertinent part as follows:

"1. The trial court erred in overruling the appellant's motion for a new trial.

2. The trial court erred in overruling the appellant's separate and several motion to quash the amended first count of the affidavit.

3. The trial court erred in overruling the appellant's separate and several motion for a directed verdict, at the close of the State's evidence, on amended count one of the affidavit."

There is no substantial evidence of probative value in favor of appellee. The facts disclose, without conflict and without denial that the prosecuting witness Clarkson spent from 4:30 p.m. February 2, 1967, to 1:30 a.m. February 3, 1967, drinking at the Elks Country Club in Sullivan, Indiana. After which time he went to his place of business adjacent to Lackey's Lounge where he parked his car. Still being thirsty after his nine hour stint at the Elks Club drinking

V.O. and water, he then went to the back door of Lackey's Lounge, pounded on it for a considerable period of time demanding admittance to the Lounge. Being after hours the back door was locked and admittance was refused. In the meantime, Robert Springer and Larry Morin, as well as all the original defendants, and others were in the Lounge. Springer and Morin left the Lounge at 2:00 a.m. February 3, 1967, and went around in the alley to the back, saw Clarkson standing near the back door where he was knocking and tried to persuade him to go to the front door. About that time Zink and his friends came around the building, not out the back door as stated by Clarkson. An altercation took place during which Clarkson was thrown to the ground. Clarkson got up and Zink and Springer exchanged blows. The back yard was brilliantly lit yet every witness but Clarkson testified that no one went through or attempted to go through Clarkson's pockets or took or attempted to take anything from him. Clarkson testified the place was lit up like a "Christmas Tree, like a football field," yet he didn't recognize his friend and drinking companion Zink. He said 5 to 8 men came out the back door of the Lounge and attacked him, and said "My glasses, two bank deposit books, pencil and cigarette lighter" were taken from him, but $20.00, all he had in his pants pocket, in a money clip was not taken, and the glasses, bank deposit books, pencil and cigarette lighter were found on the ground where he had been lying and were returned to him by the police.

The undisputed evidence showed that Clarkson was "dog drunk." That evidence was not denied by either Clarkson or the State. Clarkson testified he did not know who his assailants were, that he learned from the City Policeman, Dave McCulloch, about 2:00 a.m. who it was. The defendants were not present at that time, and his information was based on what Policeman Dave McCulloch told him after the alleged attack. Clarkson further testified the first time he was aware the assailant got into his pockets was after the altercation

and Zink had departed and he was advised by Officer Pounds he had found Clarkson's personal possessions and merchandise on the ground. It wasn't until then that he concluded that Zink had gone through his pockets. He didn't know until Officer Pounds pointed it out to him. The State's own witnesses testified that when they asked Clarkson to quit beating on the back door of the tavern and go to the front door if he wanted in that Clarkson used foul and profane language, said he owned the building (the Lackey Lounge building), said he helped Marge get her liquor license, and if she didn't let him in he would help take them away from her.

There is a complete and total lack of substantial evidence of probative value to sustain this judgment and verdict. The motion for a directed verdict should have been sustained. *Thomas* v. *State* (1958), 238 Ind. 658, 154 N. E. 2d 503; *Johnson* v. *State* (1957), 236 Ind. 509, 141 N .E. 2d 444; *Carrier* v. *State* (1949), 227 Ind. 726, 89 N. E. 2d 74; *Osbon* v. *State* (1938), 213 Ind. 413, 13 N. E. 2d 223; *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669; *Martin* v. *State* (1897), 148 Ind. 519, 47 N. E. 930.

The judgment should be reversed, the cause remanded with instructions to grant appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Mote, J., concurs.

NOTE.—Reported in 236 N. E. 2d 589.