**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 06 2013, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD WALKER**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROMAN LAWSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1205-CR-235 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1107-FB-1319

**February 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Roman Lawson ("Lawson") appeals his conviction of aggravated battery,[1] a Class B felony, raising the following restated issues:

I.   Whether sufficient evidence supported Lawson's conviction for aggravated battery.

II.  Whether there was sufficient evidence that Madison County was the proper venue for trial.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 2, 2011, Christian Konschak ("Konschak ") rode his bicycle to a party at 1030 Fairfax Street, which he later testified was "on [his] way home." *Tr*. at 302. At the party, Konschak greeted his friends Jack Thompson ("Thompson") and Ronnie Turner ("Turner"), and walked toward Lawson with an extended arm, intending to shake Lawson's hand. Without warning, Lawson punched Konschak in the face. Konschak fell onto a couch and lost consciousness. At trial, Turner testified that Lawson "got on" the unconscious Konschak and "hit him a couple of times." *Id*. at 200. When Konschak regained consciousness, he rode his bicycle part of the way home. Because Konschak was "still a little woozy [he] didn't want to ride it down Scatterfield so [he] walked it from Scatterfield to the Fitness Center and then [he] got on it and rode it to [his] house which is only one block from the Fitness Center." *Id*. at 306.

Within hours of the altercation, Konschak went to the emergency room of St. John's Health System ("St. John's"), where Dr. Terry Kyle ("Dr. Kyle") observed extensive swelling and bruising on the right side of Konschak's face. X-rays revealed

---

[1] *See* Ind. Code § 35-42-2-1.5.

that Konschak had suffered a broken cheekbone and his jaw was fractured in two places. Konschak had also sustained a broken eye socket, two broken ribs, and a laceration of the lung. *Id.* at 340-41. According to Konschak's medical records, the prescribed pain medication was for moderate to severe pain. *Def.'s Ex.* A at 7-8[2]. Dr. Kyle later testified that Konschak would "expect to have some pain for several weeks to a month or two from the fractures and then of course the inconvenience from the jaw having been operated on." *Id.* at 345. Konschak was later admitted to St. Vincent Hospital in Indianapolis to receive treatment for his broken jaw. That treatment included Konschak having his jaw wired shut for seven weeks; a time during which he could take nutrition only by sipping through a straw.

Officer Amber Miller ("Officer Miller") and Detective Trent Chamberlain ("Detective Chamberlain"), both officers with the Anderson Police Department, investigated the case. Konschak initially stated that his attacker was a man named Carlson. Detective Chamberlain became involved when a victim's advocate with the Anderson Police Department asked Detective Chamberlain to look into whether that was a correct identification. Detective Chamberlain spoke with the victim, who identified Lawson in a photo array as the person who had battered him. After signing an "Anderson Police Department Advice of Rights" form, Lawson admitted that he had beaten Konschak because of money Konschak allegedly stole from Lawson in 2002. *Id*. at 253;

---

[2] The various documents contained in *Defendant's Exhibit* A are not consecutively paginated. However, for ease of reference we include a citation reflecting what that pagination should have been.

*State's Ex*. 3.  On July 18, 2011, the State charged Lawson with Class B felony aggravated battery.

Konschak's medical records from St. John's listed Konschak as having an Anderson address.  *Def.'s Ex*. A at 3.  On at least three occasions during trial, defense counsel referred to a map that showed the location of 1030 Fairfax and other streets in the vicinity, including Tenth Street and Scatterfield Road—the latter being the road on which Konschak stated he rode his bicycle that night.  *Id*. at 235, 237, 285, 327-28.  Additionally, Konschak told Officer Miller that the battery happened in the area of Tenth and Scatterfield.  *Id*. at 235.  Detective Chamberlain testified that he was familiar with that area and that the crime occurred about eight or nine blocks from Konschak's home.  *Id*. at 265.

At the close of the State's case, Lawson moved for judgment on the evidence stating that the State had not proven venue, i.e., that the crime occurred in Madison County.  *Id*. at 373.  The trial court responded:

> I think a response is not appropriate.  I understand you're making a record but there are maps, there are addresses, there are Anderson Police Officers, the entire state [sic] of Anderson is in Madison County, so there is evidence from which the jury may conclude by preponderance, which is the only issue here, that this is the proper venue, so the Motion's denied.

*Id*. at 374.  The trial court instructed the jury on the elements of Class B felony aggravated battery, as well as the lesser-included crimes of battery resulting in serious bodily injury as a Class C felony and battery resulting in bodily injury as a Class A misdemeanor.  *Id*. at 442-44.  The jury found Lawson guilty of aggravated battery, and he was sentenced to eighteen years, with twelve years executed in the Department of

4

Correction and six years suspended to probation. *Appellant's App.* at 113, 119-20. Lawson now appeals.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

Lawson first contends that the evidence was not sufficient to support his conviction for Class B felony aggravated battery. Specifically, he maintains that the State failed to present sufficient evidence to establish beyond a reasonable doubt that Konschak suffered "protracted loss." *Appellant's Br.* at 7. When reviewing claims of insufficient evidence, this court neither reweighs the evidence nor judges the credibility of witnesses, and we respect the fact-finder's "exclusive province to weigh conflicting evidence." *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011) (quotation omitted). This court looks only to the probative evidence supporting the verdict and the reasonable inferences that can be drawn therefrom. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We will affirm the trial court if the evidence and inferences could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Joslyn*, 942 N.E.2d at 811.

To convict Lawson of aggravated battery, the State had to prove beyond a reasonable doubt that Lawson knowingly or intentionally inflicted injury on Konschak and that the injury caused protracted loss or impairment of the function of a bodily member or organ. *Mann v. State*, 895 N.E.2d 119, 121 (Ind. Ct. App. 2008) (citing Ind. Code § 35-42-2-1.5) (emphasis added). Lawson does not dispute that evidence that he hit Konschak after Konschak was unconscious is proof of the element that he knowingly or

5

intentionally inflicted injury on Konschak. Instead, Lawson contends that, because the injuries were not "long term," *Appellant's Br.* at 7, the evidence was insufficient for the jury to find that Konschak suffered "protracted loss or impairment of the function of a bodily member or organ protracted impairment of a bodily member or organ." Ind. Code § 35-42-2-1.5.

In *Mann*, this court held that there was sufficient evidence to support that element of aggravated battery where the victim experienced "muffled hearing" for two months after the attack. *Mann*, 895 N.E.2d at 122. Our decision was supported by observations that "protracted" means "to draw out or lengthen in time," and "impairment" means "the fact or state of being damaged, weakened, or diminished." *Id.* (quotations omitted). Here, Konschak suffered a broken cheekbone, a broken eye socket, two broken ribs, a laceration of the lung, and his jaw was fractured in two places. *Tr.* at 340-41. The broken jaw alone required Konschak to undergo surgery and to have his jaw wired shut for seven weeks, which, at a minimum, impaired Konschak's ability to both eat and speak for seven weeks. *Id.* at 310-12, 341-42. This evidence was sufficient for the State to prove, that Lawson caused a protracted loss or impairment of the function of Konschak's jaw and mouth. *See Mendenhall v. State*, 963 N.E.2d 553, 569-70 (Ind. Ct. App. 2012) (evidence sufficient to show protracted loss or impairment of victim's eye where victim suffered two orbital fractures to his eye and eye was swollen shut), *trans. denied*; *Fleming v. State*, 833 N.E.2d 84, 89-90 (Ind. Ct. App. 2005) (evidence sufficient to show protracted loss or impairment where victim suffered nose fracture that required surgery and caused ongoing difficulty in breathing and sense of smell). Therefore, the evidence

was sufficient to support Lawson's conviction for Class B felony aggravated battery.

## II. Venue

Lawson next contends that the evidence was insufficient to support a finding that venue in Madison County had been proven. A defendant has the constitutional and statutory right to be tried in the county where the crime was committed. Ind. Const. art. 1, § 13; Ind. Code § 35-32-2-1(a). However, venue is not an element of the crime, and although the State is required to prove venue, it may be established by a preponderance of the evidence. *Baugh v. State*, 801 N.E.2d 629, 631 (Ind. 2004). Upon a challenge to the sufficiency of the evidence supporting venue, the standard of review is the same as for other claims of insufficient evidence. *Neff v. State*, 915 N.E.2d 1026, 1032 (Ind. Ct. App. 2009) (citing *Campbell v. State*, 500 N.E.2d 174, 178 (Ind. 1986)), *trans. denied* (2010). This court neither reweighs the evidence nor resolves questions of credibility, but looks to the evidence and reasonable inferences which support the conclusion of requisite venue. *Id*.

"[V]enue need not be proven by the prosecuting witness alone, but may be proved from all the evidence." *Perry v. State*, 255 Ind. 623, 630, 266 N.E.2d 4, 8 (1971). "[I]f the facts and circumstances are of a character to permit the jury to infer that the crime occurred in a given county, such a finding will not be disturbed on appeal." *Sizemore v. State*, 272 Ind. 26, 32, 395 N.E.2d 783, 787 (1979). Here, the jury received several types of evidence that, individually or together, supported an inference that the battery occurred in Madison County. The evidence was as follows: Konschak's medical records reflected Konschak having an Anderson, Indiana address on the date of the crime, *Def.'s Ex*. A at

7

3; the battery occurred at 1030 Fairfax Street, within nine blocks of Konschak's home, *tr.* at 265; Officer Miller and Detective Chamberlain of the Anderson Police Department investigated the crime and testified at trial, *id.* at 228, 246, 249-50; and members of the jury were shown the location of the crime by reference to a map. *Id.* at 235, 237, 285, 302-03, 327-28.

A crime's location, together with the fact that police officers of a given city investigated the crime, can be sufficient to show that the crime occurred within that city. *See Campbell*, 500 N.E.2d at 178 (fact that Franklin County sheriffs had investigated crime was relevant to proving venue in Franklin County). Here, that city was Anderson. The trial court correctly instructed the jurors that, in determining the facts, they should "use [their] own knowledge, experience and common sense gained from day to day living." *Tr.* at 447. The jurors, likely residents of Madison County, would have known that the City of Anderson is within Madison County. *See also Weaver v. State*, 243 Ind. 560, 564, 187 N.E.2d 485, 487 (1963) ("judicially know[n]" that town of Linwood is in Madison County); *Buhmeier v. State*, 206 Ind. 645, 647, 190 N.E. 857, 858 (1934) (court took judicial notice that City of Evansville is in Vanderburgh County). Venue of Madison County was proven by a preponderance of the evidence.

Affirmed.

MATHIAS, J., and CRONE, J., concur.

8